## CARLETON H. HILL *v.* JOSIAH BELLOWS.

When a debtor, against whom there is cause of action, is out of the state at the time the cause of action accrues, the statute of limitations will not run on the demand, unless he returns into the state, and that fact is known to the creditor.

If a debtor, absent from the state, would avail himself of the statute of limitations on the ground of his having, in the state, property subject to attachment, it is incumbent on him to show this fact ; and it is not sufficient to show that he has deeds of land on record, without showing a title in himself.

The certificate of a town clerk, that a person has not conveyed land, is not evidence of that fact, but it must be proved by the oath of a witness or witnesses.

THIS was an action of book account, originally brought before a justice of the peace and appealed to the county

court, January term, 1842, where judgment to account was rendered, and the case referred to an auditor who made his report substantially as follows : —

That on the 9th day of May 1842, the parties appeared before him and were heard with their allegations and proofs. The defendant plead in bar the statute of limitations — the whole of said account having accrued more than six years previous to the plaintiff's action. The plaintiff objected to said plea on the ground that it was too late to plead the statute of limitations after judgment to account, which objection was overruled by said auditor. The plaintiff then replied over to the defendant's plea in bar, that the defendant, since the plaintiff's cause of action accrued, has ever resided without this state, neither had he known property within this state, which could be attached by the ordinary process of law. Traversed by the defendant. The plaintiff proved that the defendant had resided out of the state ever since the plaintiff's cause of action accrued.

The defendant proved that he had been casually in this state, and also offered in evidence a record copy of a deed from Miles Coe, collector of a land tax in Easthaven, to the defendant, dated February 9, 1831, acknowledged and recorded, conveying to said defendant certain lands in Easthaven, and also a certificate of the county clerk of Essex county, that there was no conveyance of said lands from said defendant on record in his office. The defendant also offered in evidence an office copy of a deed from Erastus Cutler, collector of a land tax in Guildhall, to the defendant, dated October 6, 1830, acknowledged and recorded, purporting to convey to defendant certain lands in Guildhall, and also the deposition of John Dodge, town clerk of said Guildhall, that there was no conveyance of said land from the defendant. The defendant also offered in evidence a deed from B. Quimby to himself, dated November, 1806, and recorded November, 13, 1806, purporting to convey to defendant certain lands in Lunenburgh ; also a deed from Samuel King to Bellows & Stone, dated January 6, 1804, recorded January 7, 1804, purporting to convey lands in Lunenburgh ; also a deed from J. Sessions to Bellows & Stone, dated September 27, 1804, and recorded October 13, 1804, purporting to convey lands in Lunenburgh. The defendant also offered in evidence a

certificate of the town clerk of Lunenburgh that there was no conveyance of these lands on record from said Bellows, which was objected to by the plaintiff and rejected by the auditor.

The plaintiff then proved that, in the year 1837, the defendant received a deed from Thomas Carlisle, of Lancaster, N. H. of a quantity of land in this state, including most of the lands embraced in the above described deeds, under a verbal agreement that he should hold it in trust for the creditors of Carlisle, and that it was generally supposed that Bellows owned no real estate in this state, except in trust as aforesaid.

The auditor decided that the deeds, offered in evidence by the defendant, unaccompanied by evidence of title in the grantors, and without evidence in support of the vendue sales of the collectors, are not sufficient evidence to establish the fact that the defendant had known property in this state.

The defendant proved that, during the last six years, he had been repeatedly in this state, and occasionally with personal property, but did not offer to prove that this was at any time known to the plaintiff; whereupon the auditor decided that the plaintiff's action was not barred by the statute of limitations. It also appeared in evidence that, after the commencement of the present action, the defendant acknowledged there was an unsettled account between him and the plaintiff, of long standing, and that they had never settled.

The auditor then proceeded to examine the accounts of the parties, and allowed the plaintiff items of his account amounting in the whole, deducting the items disallowed, to $58.79. The auditor allowed the defendant's account, which, together with the items of credit on plaintiff's account, amounted to $50.66 ; leaving a balance due to the plaintiff of $8.15, to which the auditor added interest from Jan. 6, 1833, and found due to the plaintiff the sum of $12.68, to balance book accounts between him and the defendant.

On the trial of this case before the auditor, it appeared that the plaintiff resided in Guildhall about two years after the cause of action accrued, and in Danville, since, more than six years next preceding the commencement of this action ; that the admission, made by the defendant, that there was an unsettled account between him and plaintiff, was made during the trial before the auditor ; and that, on said trial,

the defendant insisted that there was a balance due him from the plaintiff.

The defendant excepted to the report for the causes following :

1. The auditor erred, in law, in rejecting the certificate of the town clerk of Lunenburgh, as to the state of the town records. 2. The auditor erred in deciding that the conveyance to the defendant from Thomas Carlisle, with a verbal agreement that the lands conveyed should be held in trust for the payment of certain debts, deprived them of the quality of attachability, in behalf of creditors without notice of the trust. 3. The auditor erred in admitting evidence of what was generally *supposed* as to defendant's owning lands in this state. 4. The auditor erred in deciding that the deed from Carlisle, with a verbal declaration of trust, because it included *most* of the lands described in the several deeds and copies of deeds shown by the defendant, should have the same effect as if it had included all of them. 5. The auditor erred in deciding that the several deeds of lands in Lunenburgh were insufficient to show that defendant had known property in this state, which might have been attached, unless accompanied by evidence of title in the grantors. 6. The auditor erred in deciding that collectors' deeds of lands were insufficient for the same purpose, unless accompanied by evidence of the regularity of the vendue sales. 7. The auditor erred in deciding that frequent and repeated visits of defendant to this state, and sometimes with personal property, unless it were actually proved that plaintiff knew of such visits, would have the effect of suspending the statute of limitations. 8. The auditor erred in deciding that the acknowledgement of defendant, made after the commencement of this suit, that there was an unsettled account between him and plaintiff of long standing, and that they never had settled, was equivalent to a new promise to pay any balance, or any portion of plaintiff's account, when no dealings had occurred between them within the last six years.

The county court overruled the exceptions, and rendered judgment on the report, for plaintiff ; to which the defendant excepted.

*C. Davis,* for defendant.

1. The auditor erred in excluding the certificate of the

# OF THE STATE OF VERMONT. 731

town clerk of Lunenburgh, that there was no conveyance on record, from the defendant, of the lands deeded to him by Quimby and others. The certificate of a public officer, having by law custody of records, is evidence not only of what *is*, but of what is *not* found on record. 1 Stark. Ev. 173. Perhaps the fact asserted in the certificate will be presumed. Greenl. Ev. 46–7.

2. The auditor erred in his construction of sect. 10, old Rev. Laws, 291, under which he decided that the deeds from Quimby and others to defendant did not, without further evidence of good title in the several grantors, show that the defendant possessed *known property in this state, which could, by the common and ordinary process of law, be attached.* The record of the deeds was *constructive* notice to all the world of defendant's ownership. It is immaterial whether the fact of ownership was known to the plaintiff or not. *Tucker v. Wells,* 12 Vt. R. 240. The case of *Mazozon v. Foot,* 1 Aik. R. 282, bears a strong analogy to the present.

3. The evidence of title was, at least, *prima facie,* sufficient to enable the defendant to have recovered in an action of ejectment; and much more ought it to be sufficient here, where the question is not so much whether the plaintiff could obtain satisfaction for a judgment recovered, as whether he could obtain legal service of a writ. *Byron v. Crowninshield,* 1 Pick. R. 266; 15 do. 190.

4. It is well settled law in Massachusetts, New York, Maine, and in this state, that the simple admission of the existence of an old, unsettled account, made while a party still insists on the statute of limitations, and denies his indebtedness, cannot be construed into a waiver of the benefit of the statute, or a revival of the promise to pay. There is no modern decision to favor such a notion. *Phelps v. Stewart & Wood,* 12 Vt. R. 256; *Blake & Hart v. Parleman,* 13 Vt. R. 574; *Bangs v. Hall,* 2 Pick. 368; 5 Binney, 380; *Read v. Wilkinson,* 2 Brown's R. (app.) 16; *Whiting v. Bigelow,* 4 Pick. R. 110; *Bailey v. Crane,* 21 Pick. R. 323; *Danforth v. Culver,* 11 Johns. R. 146; *Sands v. Gelston,* 15 Johns. R. 511, *Cambrage v. Hobart,* 10 Pick. R. 232; *Sigourney v. Drury,* 14 Pick. R. 390; *Parley v. Little,* 3 Greenl. R; *Deshors v. Eaton,* 4 Greenl. 413; *Hancock v.*

CALEDONIA,
March,
1843.

Hill
v.
Bellows.

*Bliss,* 7 Wend. 267 ; *Welyett* v. *Bussan,* 11 Wheat. 309 ; *Bell* v. *Morrison,* Pet. S. C. R. 351 ; *Barnard* v. *Bartholomew,* 22 Pick. R. 291.

*T. Howard,* for plaintiff.

We contend that a vendue deed of land in Easthaven, Guildhall or Lunenburgh, or, in fact, any deed of land, unaccompanied with other proof of title, does not show the defendant possessed of such *known* property, as plaintiff is bound to take notice of, and attach, to avoid the statute of limitations, neither will any title to land, in any town in this state, when more than ordinary diligence is required to learn the fact, be considered known property within the meaning of the statute.

Plaintiff was under no obligation to attach property of a doubtful title or ownership, in order to keep his demand alive. The object of the plaintiff, when he sues his demand should *always* be to obtain pay, part pay, or security, and he should not be encouraged, much less compelled, to sue for any other purpose. 5 Mass. 362 ; 6 Pick. 364, 243–4. If the court should differ from these views we remark,

Plaintiff relies upon a new promise. The auditor finds that the defendant acknowledged, after the commencement of this action, that there was an unsettled account between him and plaintiff, of long standing, and that they had never settled, and defendant insisted that there was a balance due him from plaintiff. It has been held that the slightest acknowledgment will take the case out of the statute of limitations; as where the defendant said, "I am ready to account but nothing is due to you." 2 T. R. 760 ; 1 Esp. 437 ; 3 do. 157 ; 4 East, 598 ; 2 Cowp. 548 ; 3 Mass. 271 ; 7 do. 517. An admission of mutual unliquidated accounts, on which each party claims a balance, takes the case out of the statute. 2 Cond. U. S. R. 177 ; 3 Mason, 457.

The opinion of the court was delivered by

WILLIAMS, Ch. J. — The only questions in this case arise on the decision of the auditor in relation to the statute of limitations.

The 14th section of the statute for the limitation of actions provides, that "if, at the time when the cause of action

of a personal nature shall accrue against any person, he shall be out of the state, the action may be commenced within the time limited therefor, after such person shall come into the state." There is another clause in this section, which provides, that if, "after any cause of action shall have accrued, and before the statute has run, the person against whom it has accrued shall be absent from, and reside out of, the state, and shall not have known property within this state, which could, by the common and ordinary process of law, be attached, the time of his absence shall not be taken as any part of the time limited for the commencement of the action." The statute in existence prior to the passing of the Revised Statutes, was somewhat similar in its provisions.

CALEDONIA,<br>
March,<br>
1843.<br>
<br>
Hill<br>
v.<br>
Bellows.

The auditor has found, that the defendant resided out of the state at the time the cause of action accrued ; and though it was proved that the defendant had been within this state repeatedly within six years, with personal property, yet, it was not proved, nor was there any offer to prove, that this was, at any time, known to the plaintiff. The account, therefore, was not barred by the statute of limitations, according to the authority of the case of *Mazozon & Sperry* v. *Foot*, 1 Aik. 282.

The defendant, however, insisted that the statute should run, as he had known property within the state which could, by the ordinary process of law, be attached. It is questionable, whether this clause of the statute has any application whatever to the case under consideration, inasmuch as it is found that the defendant resided and was out of the state at the time the cause of action accrued. If it has any application, it was incumbent on the defendant, if he intended to avail himself of its provisions, to prove that he had known and visible property within the state from which the plaintiff could have satisfied his demand, by attachment and levy of an execution. It obviously falls very far short of proving this fact, to prove that he had deeds of land on record, without any further proof. The auditor correctly required him to prove title in his grantors, or, in respect to the vendue deeds, authority in the collector to sell and convey, as, without such proof, the evidence did not prove any property in the lands, described in the deeds, in the defendant.

The certificate of the town clerk, offered in evidence, was

of no importance. If the defendant had known property in himself in any lands, it was not necessary or proper for him to show negatively that he had not conveyed the same away. Moreover if it had become necessary to prove that there was no conveyance from him on record, the legitimate proof of that fact would have been the oath of the town clerk or some one who had examined the records. The certificate of the town clerk is evidence of what is on record, but he is not a certifying officer as to what does not appear on record.

This view of the case renders it unnecessary for us to examine the question as to the admissions or acknowledgments of the defendant. From the view already taken, the statute had not run on the account of the plaintiff. The judgment of the county court is, therefore, affirmed.