Stevens v. Fisher.

---

JOEL STEVENS, *Appellee*, *v.* DAVID FISHER, *Appellant.*

*Pleading. Judgment. Attachment. Practice. Statute of limitations.*

The plea of *nul tiel record* puts in issue simply the existence of the record declared upon, and is determined by the court upon an inspection of the record. If the judgment upon its face is valid, this plea is not sustained except when questions of variance arise. Such record should go to the jury only when matter of fact, as well as of record, is properly put in issue.

A judgment against a non-resident defendant, rendered without notice, will not be adjudged invalid as *matter of law*, because the property returned as attached was of merely nominal value, nor because it is returned as attached *as* the property of the defendant.

The fact that an officer's return of the service of a writ against a non-resident by attaching property does not show that a copy was left at the place where the property was attached *because the defendant had no known agent or attorney in the state*, does not invalidate a judgment obtained upon such process.

The continuance of a suit before a justice for one day only, for the reason that the defendant is out of the state and has had no notice of the suit, is, as *matter of law* upon the face of the record, a sufficient compliance with the statute governing such cases in the absence of any evidence of fraud *aliunde*.

Stevens *v.* Fisher.

By the statute of limitations of 1797, it was necessary in order to prevent its running, not only that the defendant should be out of the state but also that he should have *no known attachable property* within the state. By the statute of 1832 it was further provided that if a person leave this state before the cause of action be barred not having any known property in the state during such absence the statute shall not run. A replication to a plea of the statute of limitations in an action of debt on judgment governed by these statutes, stated simply that before and at the time the cause of action accrued the defendant was out of the state, and that when he for the first time returned into the state, it was within eight years before the commencement of the action. Upon issue taken on this replication, the county court found that the defendant had been, since before the cause of action accrued, a resident of New York. *Held,* that both the plaintiff's replication and proof was defective because they did not bring the defendant within the exceptions to the operation of the statute.

DEBT upon a judgment of a justice of the peace. The pleadings and facts in the case sufficiently appear from the opinion of the court. The county court,— PIERPOINT, J., presiding,— at the September Term, 1856, rendered judgment for the plaintiff. Exceptions by the defendant.

*J. B. Beaman,* for the defendant.

The property attached was so insignificant as to, preclude the idea of ownership in the defendant and lead to the suspicion of fraud. *Beach* v. *Abbott,* 6 Vt. 586.

The replication does not aver that the defendant comes within the excepting clause of the statute of limitations. Such a replication is a discontinuance. 1 Chit. Plead. 618; 7 Cranch 156; Story's Plead. 55; 1 Saunders 338.

*Edgerton & Hodges,* for the plaintiff,
Cited *Lapham* v. *Briggs,* 27 Vt. 26 ; *Graves* v. *Weeks,* 19 Vt. 178 ; Comp. Stat. 379 sec. 14.

The opinion of the court was delivered by

BENNETT, J. This is an action of debt, predicated upon a judgment of a justice of the peace, purporting to have been rendered on the 3d day of June, 1834. The defendant has pleaded to the action, first, *nul tiel record ;* second, payment, and third, the statute of limitation. Upon the first two pleas issue is taken, and to the

third there is a replication that the defendant was out of the state *before* and *at the time the cause of action accrued, and that he did not thereafter come into the state until the 7th day of February,* 1855, *which was less than eight years before the commencement of this suit;* and this replication was tried upon a traverse, and issue taken upon it. The first question in regard to the judgment involves the inquiry whether there is anything upon the face of the record which renders it a nullity? The writ issued against a non-resident, and was served by attaching a glass bottle as the property of the defendant, and the cause was once continued by said justice upon the ground that the defendant was a non-resident and had not come into the state in season to attend the trial of said cause. The legislature have power to regulate all judicial proceedings, and to prescribe the mode in which writs shall or may be served; also, to declare the manner in which notice shall be given to the defendants, and what shall be the the effect of a judgment rendered upon such a notice as the legislature may have prescribed. The legislature have the power to give jurisdiction over the person or the property of any one found within our government, and our legislature have made provision for the service of writs on defendants out of the state when they have property within it over which our courts can take jurisdiction, and a method has been prescribed by the statute for giving notice, by publication, where the suit is in the higher courts, and if before a justice of the peace, it is to be continued at least once, and may in the discretion of the justice be continued a second time, and if judgment is in the end rendered by default and without actual notice, the rights of the party are still amply protected by the provisions of the statute. Justices' courts with us have always been regarded as courts of record, and in an action of debt on a justice judgment, *nul tiel record* is the proper plea, and not *nil debet;* and in the case of *Ellsworth* v. *Learned,* 21 Vt. 535, it was held that the want of actual notice to the defendant of the pendency of the suit would not render the judgment *void.* Where the defendant is out of the state, and the proceeding against him is by an attachment of his property within the state, it is in the nature of a proceeding *in rem,* and the defendant, perhaps, may be considered as having constructive notice of the suit. The plea

of *nul tiel record* puts in issue simply the existence of such a record as may have been declared upon, and that is to be determined by the court upon an inspection of the record itself; but where matter of fact as well as matter of record is properly put in issue, it goes to the jury. If the record upon its face shows a valid judgment, the plea of *nul tiel record* is not sustained unless in cases where questions of variance arise.

If the attachment in this case of the glass bottle was *fraudulent*, and made for the sole purpose of giving the court in this state jurisdiction over the defendant, it is quite another question what effect such a fact, properly presented, would have upon the validity of the judgment. Such a fact must be established by matter *aliunde* the record. The attachment is not to be adjudged *fraudulent*, upon the face of the record *as matter of law*, simply because the property attached was of *nominal* value.

No objection can be made to the validity of the judgment on the ground that the officer returned on the writ, that he attached the glass bottle *as the defendant's property*. This is the usual mode of making a return.

It is in effect claimed that this attachment, such as it was, was not made in conformity with the statute then in force, and that, consequently, upon the face of the record, the court had no jurisdiction over the defendant. The return of the officer was, " that he left a true and attested copy of the writ in the paint shop owned by Joel Stevens and formerly occupied by Joel Stevens, *where the property attached was*, with his doings thereon indorsed." Though it may be true that the statute required the copy to be left with the defendant's agent or attorney, if any such had been known, and though the return of the officer does not show that the copy was left at the place where the property was attached *for the want of a known agent or attorney*, yet this cannot affect the validity of the judgment. The attachment was not *nugatory and void* even though it should be conceded that the officer's return was defective. The most that could be claimed would be, that the service of the wiit was *voidable* by plea, and the defect in the return, if there be one, might have been cured by an amendment, or it might be waived.

If the case is one where the court may proceed to judgment without actual notice, leaving the party to his remedy by writ of

review, the property attached would be holden to respond the judgment. In the present case Justice Allen continued the cause once upon the ground that the defendant was out of the state, and because he had had no notice of the suit, and we do not see but what the statute was, in form complied with so as to render the judgment valid until reversed upon a writ of review. The 18th section of the act relating to the jurisdiction of justices of the peace (Slade's Compiled Statutes, page 127), required the justice to continue the action *for a time not exceeding one month.* This is imperative upon the justice. A second continuance was within his discretion. Though the justice continued the cause but for a single day, yet we cannot say, *as matter of law*, upon the face of the record, that this was not a compliance with the statute. If the plaintiff was accessory in procuring a continuance of the cause but for a single day, it may be that upon the question whether the attachment was in the first instance *fraudulent* or not, it might have an important bearing. At all events, it does not seem to be such a continuance as was well calculated to subserve the ends of the statute; but this was a matter within the cognizance of the justice, and cannot, upon the face of the record, invalidate the judgment.

We do not see but what the issue on the plea of payment was well found for the plaintiff. Presumption of payment from lapse of time is but a presumption of fact and may be rebutted by proof that no payment, in fact, was made. The bill of exceptions states that from the testimony of the plaintiff, certain facts appeared on the trial of the issue, " *and it appeared that the judgment had not been paid.*" The court below were clearly right in holding that the facts found by them removed the presumption of payment from lapse of time.

The defendant's third plea is that the plaintiff's cause of action did not accrue within eight years next before the commencement of the suit. The replication simply states that before and at the time said cause of action accrued, the defendant was out of this state, and that the defendant afterwards, to wit, on the 7th day of February, 1855, returned into this state, and that this was his first return after the accruing of said cause of action, and that the plaintiff commenced this suit within eight years after the defendant

first returned into this state after the accruing of said cause of action.

Upon issue being taken upon this replication the exceptions simply show that the county court found that at the time said judgment was rendered, the defendant was a *resident* of the state of New York, and that he has continued to be a resident of that state from that time to the time of the trial of said cause, and that the plaintiff had also been for the last six or eight years a resident of New York. The judgment having been rendered in 1834, and before the Revised Statutes were passed, it is to be governed by the previous acts of limitation. By the 10th section of the act of 1797 (Slade's Edition, page 291), it was necessary in order to prevent the statute from running, not only that the defendant was out of the state, but that he had also no known property within the state which could be attached. Both facts must combine to prevent the operation of the statute. The statute of 1832 enacted that if a person go from this state before the cause of action be barred, *not having any known property*, etc., in the state, the statute shall not run during such absence, etc.

The replication is, we think, entirely defective, and the plaintiff's proof is equally defective in bringing the defendant within any of the exceptions of the statute.

The fact that the defendant was and continued to be a *resident* of the state of New York, is entirely consistent with the supposition that he might have been publicly and notoriously in this state every month from the rendition of the judgment against him up to the commencement of the action. In *Mazozon* v. *Foot*, 1 Aiken 285, it was held that if the defendant comes into the state for a temporary purpose, and this is known to the creditor, the statute will be set in operation.

The fair intendment of the finding of the county court is, that the state of New York was simply the defendant's place of abode. It was incumbent upon the plaintiff to prove facts which would avoid the plea in bar.

The result must be that upon this last ground the judgment of the county court is reversed, and the cause remanded.