SHUBAEL RUSS, *administrator of* ABEL BARRON, *v.* BENJAMIN FAY.

### *Statute of limitations.*

The statute of limitations will commence running against a person residing out of the state, having no known attachable property within it, only from such time as he comes to reside or remain in the state; *Hall* v. *Nesmith, Washington county.*

If a debtor resides out of the state it is not necessary, in order to prevent the statute of limitations from running upon his liability, that he should have known attachable property within this state for six years continuously and without interruption.   If he has it at different periods, amounting in all to six years, it will be sufficient.

Partnership property belonging to a firm of which the debtor is a member, which firm is not shown to be insolvent, is property of the debtor "which could by the common and ordinary process of law be attached," within the meaning of the statute on this subject.

ASSUMPSIT upon a promissory note.   Pleas, the general issue, a discharge in bankruptcy, and the statute of limitations.   To the plea in bankruptcy the plaintiff replied a new promise ; and to the plea of the statute of limitations the plaintiff replied, that the defendant was absent from, and resided without this state at the time the cause of action accrued, and that he had not been within this state six years, nor had known attachable property within the state since that time.   Trial by jury, December Term, 1856,— UNDERWOOD, J., presiding.

On trial the plaintiff gave in evidence the note declared upon, and also gave evidence tending to prove that the defendant resided in Dalton, in the state of New Hampshire, at the time the note in suit was executed, and that he continued to reside there until a short time previous to the commencement of this suit.

The defendant gave evidence tending to prove that he had had attachable property in this state frequently since the cause of action accrued upon the note in suit, some of which belonged to himself, individually, and some of which belonged to copartnerships in New Hampshire, of which he was a member, and sufficient to satisfy the plaintiff's debt, and that of this the said Abel Barron, or his agent, sometimes had personal knowledge, and that it was known to others in the state; also, *that he had frequently been in this state since the note became due, and up to the time when this suit was brought.* The defendant's evidence further tended to show that said partnership property belonged to the defendant and one Taylor, partners under the firm of Fay & Taylor, and no question was made about their solvency or insolvency.

The court charged the jury, that as the defendant resided without this state when the cause of action accrued, and had since continued so to do, it must appear that he had "known property in this state, which by the ordinary process of law could have been attached," for six years between the time the note fell due and the commencement of this suit; that the statute did not require that such property should have remained continuously six years within this state, but if such known property was in the state at different times, but to the amount of six years in all, it answered the requirements of the law, and the statute of limitations would bar the action. To the charge so given the plaintiff excepted; claiming, and having requested the court to charge that the property should have been in the state six years continuously, so that the plaintiff at any time during the six continuous years could have attached it.

The court further charged the jury, substantially, that though partnership property was liable for partnership debts in preference to the private debts of the partners, especially where the firm was insolvent, yet that a partnership might be so abundantly solvent that the partnership property might not be thereby under any

serious embarrassment as to being available to answer the private debts of the partners, and that the jury might consider in this case whether this partnership property was or was not thus embarrassed; if not, then it would constitute known property within the meaning of the statute, which might be attached to satisfy this debt, and be regarded in the same light, under the statute, as the defendant's private property; that the interest of a partner in the partnership property (which in this case was an undivided half) was liable to attachment and sale to satisfy the private debts of the partner, subject to the right of partnership creditors to have a preference where the firm was insolvent. To this charge also the plaintiff excepted.

Other questions arose upon the trial of the issue upon the plea of a discharge in bankruptcy, which, not being decided by the supreme court, it is unnecessary to state.

*Washburn & Marsh*, for the plaintiff. *

Under the plea of the statute of limitations, the defendant's testimony tended to prove that he had frequently been in this state since the note became due. But this does not show that he either remained or resided in the state; and therefore this proof could not give him the benefit of the statute; *Hall* v. *Nesmith*, Sup. Ct., Wash. co., Sept. T. 1856 ; (Law Rep., Jan. 1857, 525).

The defense, then, rests upon the fact that during his absence from the state he had here known attachable property; and upon this point the charge was erroneous, in holding it sufficient that the property was in the state at different times, but sufficient to make six years in all. The words of the statute contemplate that he should have such property within the state during the entire time of his absence; *Wheeler* v. *Brewer*, 20 Vt. 116; *Royce* v. *Hurd*, 24 Vt. 620. There must be a period, at least of six years, during all of which the plaintiff may be able to secure his debt, either upon the body or the property of the debtor; and if the presence of property is relied upon, it must appear that it has been within the state six years without interruption; *Sissons* v. *Bicknell*, 6 N. H. 557 ; *Dow* v. *Sayward*, 12 N. H. 271 ; *S. C.*, 14 N. H. 9.

The property must consist of estate unembarrassed; the creditor

is not bound to regard an equitable or an incumbered title ; *Royce* v. *Hurd*, 24 Vt. 626 ; *Dow* v. *Sayward*, 14 N. H. 9. But the jury were allowed, in this case, to consider property as giving the defendant the benefit of the statute, which belonged to a firm, of which the defendant was a member, all the members of the firm residing in New Hampshire, and the place of business being there. No testimony was produced showing the solvency of that firm ; and yet the jury were directed to inquire whether the property was free from embarrassment. It certainly was not unembarrassed property, by reason of the lien upon it of the partnership creditors ; and the doubt expressed by Ch. J. PARKER in *Dow* v. *Sayward*, 14 N. H. 13, is entitled to great weight.

*O. P. Chandler*, for the defendant.

The opinion of the court was delivered by

ISHAM, J. On the issue arising under the plea of the statute of limitations in this case, the question arises whether the note mentioned in the declaration is saved from the operation of that statute by the residence of the defendant in another state, and by his not having in this state known property, which by the common and ordinary process of law could be attached. It appears from the case that the defendant was a resident in Dalton, in the state of New Hampshire, at the time the note was executed, and that he continued to reside there until a short time previous to the commencement of this suit. In such case the statute provides that the time of his absence in that state is not to be reckoned as any part of the time limited for the commencement of the action, unless he has known property in this state liable to be attached. The fact stated in the exceptions that the defendant had frequently been in this state since the note fell due, and up to the time when the suit was brought, does not subject the note to the operation of the statute. In the case of *Hall* v. *Nesmith*, decided in Washington county during the present circuit, it was held that the defendant must have come to remain or reside in this state in order that the time shall be reckoned for the limitation of the action. The statute of limitations, therefore, has not run upon this note, unless it appears that the defendant has had known property within this

state for the period of six years, which could by the common and ordinary process of law be attached. The jury, under the charge of the court, have found that the defendant did have known property in this state *at different times*, in all for the period of six years, between the time the note fell due and the commencement of this action; and the court, in their charge to the jury, instructed them that under these circumstances the note was barred by the statute. It is insisted that the charge in that particular was erroneous, and that the statute requires, in case the defendant does not reside in this state, he should have known property during that period which could be attached, for the full time of six years, *continuously and without interruption*. The construction of the act, in this particular, has now for the first time been presented for decision in this state. The case of *Wheeler* v. *Brown*, 20 Vt. 116, to which we were referred, has no bearing on this subject. The only question in that case was, whether the defendant had *known property* in the state, not whether it should have been held continuously. In the case of *Royce* v. *Hurd*, 24 Vt. 620, the subject was incidentally referred to, but a decision of the question expressly avoided. The statute of New Hampshire on this subject is similar in its provisions to our own. In the case of *Sessions* v. *Bicknell*, 6 N. H. 555, the debtor, a resident of Maine, had property in New Hampshire *for less than a year;* and in *Dorr* v. *Sayward*, 12 N. H. 271, the question was as to the *notoriety of ownership* of property, and not as to the time or necessity of a continuous ownership. The necessity of a continuous ownership of property in that state for six years was not involved in either of these cases. The language of the court in that case that "unless there had been property of the defendant within the state *during the full term of six years*," the statute would be no bar, we apprehend was not intended to convey the idea that a continuous and uninterrupted ownership was necessary. It was sufficient in these cases to say that if the debtor had known property in that state for less than six years, the claim was not barred by the statute; and that is all which, we understand, was decided by the court.

But whatever may be the construction given to the statute in that state, we feel no disposition to depart from the construction of

26

the act which it has practically received in this state, and which, we think, is dictated alike by its general object and by public policy. The principle upon which that saving in the act is founded is, *that no presumption can arise against a party for not suing in another state or country,* nor until by reasonable diligence and inquiry, service of process can be made in this state on the person of the debtor, or at least upon so much of his property as will yield a substantial benefit to the plaintiff. We can entertain no doubts that if the defendant had come to reside in this state, and had actually resided here for the period of six years in all, though it was by occasional interruptions, that the statute would bar the claim ; *Hackett* v. *Kendall,* 23 Vt. 276. Neither can we entertain any doubt that it was the intention of the legislature to place the ownership of property in this state on the same ground. If the debtor comes to reside in this state, or has known property within it, the statute commences running, and at the expiration of six years it constitutes a perfect bar. If, during any portion of that time, the defendant removes or resides out of the state, and has not known property within it, that time, and only that time, is to be deducted ; and if, in all, six years have expired in which service of process could have been made in this state, either upon the body or known property of the debtor, the statute constitutes a bar to the action. Under this construction the mischief intended to be remedied by the act is avoided. The creditor, by the exercise of reasonable diligence, is enabled to enforce the collection and payment of his claim within the jurisdiction of the courts of this state, and the debtor can have the benefit of all legal presumptions which arise from the neglect of the party to enforce his claim, which it was the policy of the act to provide.

The objection that the property owned by the defendant in this state was partnership property, and therefore is not such known property as will subject the individual debt of this defendant to the operation of the statute of limitations, we think, is not well taken.

The rule seems to be well settled that the property of the defendant in this state must not only be known, so that by reasonable diligence it can be found and attached, and be of an amount sufficient to yield a substantial benefit to the plaintiff, but it must

also be property unembarrassed, and liable to be levied upon for the satisfaction of the debt; *Royce* v. *Hurd,* 24 Vt. 626 ; *Dorr* v. *Sayward,* 14 N. H. 9 ; *Wheeler* v. *Brown,* 29 Vt. 113. In *Bardwell* v. *Perry,* 19 Vt. 292, it was held that, *at law,* both separate and joint creditors of a partnership may attach either separate or joint property, and sell it upon execution in satisfaction of their judgments, without regard to the equities of the debtors. But *in equity,* the creditors of an insolvent partnership are entitled to have the partnership effects applied in satisfaction of their debts in preference to the creditors of individual partners. This, however, is a mere right in equity, and exists only in cases of an insolvent partnership ; *Washburn* v. *Bank of B. Falls,* 19 Vt. 278 ; *Shedd* v. *Wilson,* 27 Vt. 480. At law such property is unembarrassed, and liable to be levied upon for the satisfaction of the plaintiff's debt. It would be the attachment of a legal right, not of an equitable interest; *Dorr* v. *Sayward,* 12 N. H. 275 ; *ibid* 14 N. H. 9. In this case the jury, under charge of the court, have found that the property was not embarrassed, even with that equitable claim. So that, if that fact should be regarded as material in the case, the objection is removed. We have no occasion to say that it would be material, even if the firm had been formed and were doing business in this state; much less, in a case where the firm exists and is doing business in another state. It appearing in this case, therefore, that the defendant had known property in this state for the period of six years after the cause of action accrued, and before this action was commenced, we think the note is barred by the statute. This renders it unnecessary to decide the questions which were raised under the plea of a discharge in bankruptcy.

Judgment affirmed.