SARAH G. WILLIS, *Administrator of the Estate of* CYRUS WILLIS, *deceased, v.* ORVILLE E. FREEMAN AND OTHERS.

### *Partnership.*

If land be bought with partnership money, and used for the partnership benefit, and the deed be taken to the partners jointly, it will be treated as partnership property, though the grantees are not described in the deed as partners,

A creditor of one member of a partnership cannot attach and hold the interest of such partner in any article of the partnership property, unless enough is left to satisfy the creditors of the firm, and if the partnership be insolvent, the partnership creditors have a right to have the partnership property applied to the payment of their debts.

But if, at the time of the attachment of the individual partner's interest in the property the firm is not insolvent, their subsequent insolvency, even before judgment is obtained against the individual partner, will furnish no ground for preferring partnership debts to the lien acquired by such attachment.

BILL IN CHANCERY. The facts in the case are sufficiently stated in the opinion of the court. The chancellor dismissed the orator's bill, from which decree the orator appealed.

*Benton & Ray*, for the orator.

———— ————, for the defendants.          •          •

POLAND, CH. J.   Abbot & Lindsay were partners in the business of hotel keeping, staging, keeping livery stable, &c., at Lancaster, N. H., from 1850 to 1859.

On the 27th day of September, 1856, they purchased a farm partly in Guildhall, and partly in Lunenburgh, Vermont, for the price of five hundred dollars, and took a conveyance of the same to themselves jointly, but they were not described in the deed as partners.   But from the evidence in the case we are satisfied that the land was paid for with company funds, and was occupied and used for the partnership benefit, so that the same was really partnership property, and should be so regarded, even in a controversy between partnership and private creditors for priority.

The defendant, Freeman, a private creditor of Lindsay, on the 30th of December, 1857, commenced a suit upon his debt and attached an undivided half of said land, as the property of Lindsay.   He recovered judgment against Lindsay at the September Term of the Essex county court, 1858, and on the 28th day of December, 1858, duly set off one undivided half of said farm in part satisfaction of his execution.   The orator's intestate was a creditor of the firm, and commenced a suit on his debt, and attached said farm on the 6th of September, 1858, as the property of the firm.

The orator's intestate recovered a judgment, at the September Term of the Essex county court, 1858, took out his execution, and on the 11th day of November, 1858, caused a set off of said farm to be made to satisfy his execution.

Abbott & Lindsay failed in the fall of 1858, but the case furnishes no evidence but that when the defendant Freeman made his attachment in 1857, they were entirely solvent.          •

Various other matters have been introduced in evidence, but as the decision of the case does not make them material. the above statement is sufficient. The orator's bill is brought for the purpose of enjoining the defendant, Freeman, from taking possession of the one undivided half of the farm set off on his execution, and from setting up any title under his levy, as against the orator.

It is now well settled, that a creditor of one member of a partnership cannot take the interest of such partner in any article of the partnership property, unless enough is left to satisfy the creditors of the firm, and if the partnership be insolvent, the partnership creditors have the right to have the partnership property applied to the payment of their debts.

The right of the defendant Freeman must be determined by the state of things in 1857, when he made his attachment. There is no evidence but that, at that time, Abbott & Lindsay had ample property, aside from this farm, to pay all their firm debts. The defendant had therefore a right to attach the interest of Lindsay in the farm, and appropriate it to the payment of his debt, and having thus rightfully acquired a *lien* upon the land by his attachment, it could not be divested by the subsequent insolvency of the partnership.

This principle seems to be settled in the following cases: *Washburn et al.* v. *Bank of Bellows Falls et al.*, 19 Vt. 278 ; *Russ, administrator of Barrow* v. *Fay*, 29 Vt. 381. Upon this ground, we all agree that the decree of the chancellor dismissing the orator's bill must be affirmed.