RIXFORD v. MILLER, BORT & VAN VETCHTEN.

*Revision of Auditor's Finding. Presumption of the Continuance of Things in the State in which They Have Once Existed. Burden of Proof of Existence of Known Attachable Property, under s. 15, c. 63, Gen. Sts.*

The question being whether the evidence, *q. v.*, tended to establish facts found by the auditor, and it appearing that it did, *held*, that his finding was conclusive, and not to be revised upon exceptions.

Things proved to have once existed in a particular state, are presumed to continue in that state till the contrary is shown. Thus, where in book account defendants relied on the Statute of Limitations, and plaintiff proved that defendants were resident in New York when the cause of action accrued, it was *held* that they were presumed to continue to reside there, and that it devolved on them to show that they did not.

Plaintiff, in order to remove the alleged bar of the Statute of Limitations, having shown that defendants were non-residents of the state when the cause of action accrued, it was *held* that the burden was on them to show that they had known attachable property within the state.

BOOK ACCOUNT. The action was brought on August 30, 1875. The plaintiff sought to recover for a lot of scythes that he claimed to have shipped to the defendants on a written order dated " Chateaugay,. Sept. 21st, 1866," purporting to have been signed by the defendants, and D. W. Fillebrown, the plaintiff's agent. The order, which was in evidence, was for fourteen dozen of scythes of various kinds, at the aggregate price of $176, to be

shipped to Chateaugay, and bore an indorsement of two and one twelfth dozen, of the value of $26.08, that were returned in accordance with a stipulation therein contained, and contained a promise to pay for the scythes so ordered, on September 1, 1867. Upon the hearing before the auditor plaintiff testified that he received said order, probably in October, 1866, either by mail or by the hand of said Fillebrown ; that he did not know the handwriting of what purported to be the defendants' signature thereto ; that he shipped the scythes called for by the order, in May, 1867, delivering them to the carrier either at Swanton or at St. Albans, and that those indorsed on the order were returned in the following fall ; that a few years after the account become due, he sent it for collection to P. B. Fisk, of Chateaugay, N. Y., who kept it a few years, and returned it within a year before the bringing of this suit, never having, as plaintiff thought, collected anything thereon.    The defendant introduced as a witness one Beckwith, a practicing attorney in Chateaugay, who testified that six years was the time limited by the law of New York for bringing actions on book account.    The defendant Bort was present at the hearing, and did not deny the order nor the receipt of the scythes. From such evidence and the silence of defendant Bort, the auditor found that the scythes specified in the account were delivered at the St. Albans or the Swanton station, on May 30, 1867, in accordance with and upon the order, directed to the defendants, and that the defendants received them ; inferring that they were so directed, from the plaintiff's testimony in regard to shipping them, and that they received them, from the fact that some of them were returned, and the fact that defendant Bort did not deny either the order or the receipt of the scythes ; that the two and one twelfth dozen scythes were returned as indicated by the indorsement on the order ; that the plaintiff's account showing charge of $176 for scythes shipped, and credit of $26.08 for scythes returned, was correct ; that the balance due thereon, including interest to February 1, 1876, was $225.63, which, with interest thereon from that date to the time of judgment, plaintiff was entitled to recover, unless barred by the Statute of Limitations ; and that the statute of New York was the same as that of

Rixford v. Miller et als.

this state. From the evidence afforded by said order, and from the fact that the scythes were shipped to Chateaugay and the bill sent there for collection and some of the scythes returned, the auditor found that at the time the scythes were delivered to the carrier the defendants resided at Chateaugay.

There was no evidence as to the defendants having resided, nor any as to their having had known attachable property, in this state. To the report of the auditor, which stated the evidence introduced as well as the findings, the defendants excepted, for that there was no evidence in the case from which the auditor could legally find that the scythes were ever ordered by, or directed or delivered to, the defendants, or that the defendants resided in the state of New York, and for that no inference against the defendants should have been drawn from the presence of the defendant Bort; and claimed that as the cause of action accrued more than six years before suit was brought, and as plaintiff had not shown that the case came within the provisions of s. 15, c. 63, Gen. Sts., it was barred by the Statute of Limitations. But the court, at the April Term, 1876, ROYCE, J., presiding, rendered judgment on the report for the plaintiff; to which the defendants excepted.

*Noble, Davis & Smith*, for the defendants.

There was no proof in the case to support the findings of the auditor. There was no proof of the execution of the order, and the order is not competent evidence against the defendants. The only evidence material to plaintiff's case is the testimony of the plaintiff. The first fact reported as found is, that the goods were delivered either at the railroad station in St. Albans or Swanton, "in accordance with and upon the order." This finding goes further than the testimony. The plaintiff only testified that he shipped the scythes "called for by the order." The auditor infers that the scythes were directed to the defendants from the plaintiff's testimony in regard to shipping them. The testimony of the plaintiff, that he shipped them either from Swanton or St. Albans, without stating where or to whom they were directed, is not evidence from which a legal inference can be

41

drawn that they were directed to the defendants.   The inference is the other way.   If they were so directed, the plaintiff, being the person who shipped them, knew it, and as he was a party in interest, the inference and presumption is that he would testify to every fact within his knowledge that would promote his interest.

The auditor also infers that the defendants received the scythes, from the fact that some of them were returned, and because defendant Bort was present at the hearing and did not deny either the order or the receipt of the scythes.   There was no proof in the case that the defendants were the parties who returned the scythes.    That fact must also have been inferred.    Having inferred that fact, he bases upon it the second inference, that defendants received the scythes.    This is carrying the matter of inference a step too far.

But this is not more absurd than the inference drawn from the fact that defendant Bort was present and did not deny either the order or the receipt of the scythes.   Why should he have denied the order ?   It had not been proved against him.   Why should he have denied the receipt of the scythes before there was any evidence in the case that he had received them ?   The delivery of the scythes and the receipt of them by the defendants were material and decisive facts in the case, and could not be established by mere inference.   Inference is a conclusion drawn from facts which are established by proof.   Bouv. Law Dict. tit. Inference.

Conclusions may as well be drawn by the court as by the auditor ; and when the facts from which they are drawn are stated, the court can revise the inferences of the auditor.   *Briggs* v. *Estate of Briggs*, 46 Vt. 571.

There is no finding that the defendants ever ordered the scythes ; no evidence to connect the defendants with the transaction.   If they are made liable in the case, it cannot be upon the proof, but only upon the auditor's report, which goes further than the plaintiff was willing to go in his testimony.   If there is any liability, it is created by the report and not established by the proof.

If any cause of action is established by the report, it is shown by the exceptions to have accrued more than six years before suit was commenced.   The defendants were thus entitled to judgment,

unless such a state of facts was shown as, under the provisions of s. 15, c. 63, of the Gen. Sts., would prevent the operation of the Statute of Limitations. And that was for the plaintiff to show; not for the defendants to negate. *Davis, admr.* v. *Marshall*, 37 Vt. 69; *Russ, admr.* v. *Fay*, 29 Vt. 381; *Hall* v. *Nasmith*, 28 Vt. 791.

The auditor found and inferred that the defendants resided at Chateaugay, upon the evidence of the plaintiff, and from the facts that the scythes were shipped to Chateaugay and the account sent there for collection, and some of the scythes were returned.

But such findings and inferences are not enough to save the plaintiff's case. They only show a residence at Chateaugay when the scythes were delivered to the carrier. The residence should be shown to have been there when the cause of action accrued, and it did not accrue (if the order is to be treated as evidence), until the first of September, some three months after such delivery. No length of residence without the state is shown. Hence, the time to be deducted under the statute cannot be determined.

There was no evidence or finding that defendants did not have "known property within this state, attachable by ordinary process of law, since the cause of action accrued." This was also a fact for the plaintiff to show if he would avoid the statute bar.

*H. S. Royce*, for the plaintiff.

The plaintiff proved that the defendants resided and were out of the state when the cause of action accrued, and that their residence was at Chateaugay, in the state of New York. The legal presumption is, in the absence of any proof to the contrary, that they continued to reside there. 1 Greenl. Ev. 41, 44; *Gray* v. *French*, 23 Conn. 513; *Nixon* v. *Palmer*, 10 Barb. 175. When the defendant is out of the state when the cause of action accrues, the Statute of Limitations will not run on the demand unless he returns into the state and that fact is known to the creditor. *Hill* v. *Bellows*, 15 Vt. 727. And the fact that his return into the state was known to the plaintiff, must be shown by the defendant. *Mazozon* v. *Foot*, 1 Aik. 282. And so, if the defendants would avail themselves of the Statute of Limitations as a defence, upon the

ground that they had known property in the state, which, by the ordinary process of law could have been attached, it is incumbent upon them to prove that fact. *Hill* v. *Bellows*, 15 Vt. 727.

The opinion of the court was delivered by

Ross, J. Facts found by an auditor from testimony tending to establish such facts, are as conclusive upon the parties as the verdict of a jury. This court never revises such finding of facts on exceptions. The farthest it has gone is, to correct an erroneous legal inference drawn by an auditor from facts found by him, which inference the court, from the report, can plainly see that the auditor has been led to make either from having entertained an erroneous view of the law applicable to the facts, or from having misapplied the law to the facts; and it will correct such an inference only in cases where the auditor has stated all the facts found by him from which such legal inference is to be made.

I. The first question raised by the exceptions is, whether the evidence before the auditor tended to establish the facts found by him. The auditor has found that the plaintiff received an order for fourteen dozen scythes, purporting to be signed by the defendants, directing him to send the scythes to Chateaugay, New York; that the plaintiff shipped the scythes to the defendants at Chateaugay; that the defendants received the scythes, and kept them, except a portion which were returned, and that the defendants at the time of the receipt and return resided at Chateaugay, New York. The evidence of the plaintiff was quite brief, but we think it fairly tended to establish all the facts found and inferred by the auditor. The plaintiff testified to having received the order in October, 1866; that he did not know in whose handwriting the signature to the order was; that within the time named in the order, he " shipped the scythes called for by the order," and subsequently received back a part of the scythes, which he endorsed on the order. The order provided for the return of such scythes as did not answer the warranty. We think the fair, legitimate meaning of the plaintiff's testimony is, that he sent the scythes to the address of the defendants at Chateaugay,

New York, and that from the fact that a portion of them were returned in accordance with the provisions of the order, a legal presumption arose that the defendants received and used the scythes shipped and not returned. Nor do we think that the auditor erred in giving added weight to this testimony from the fact that one of the defendants was present and heard the plaintiff's testimony and made no denial of it. It is reasonable to presume that the defendant who was present at the hearing knew whether they received and used the scythes charged to them. The presence of a party in court, with evidence which he can but does not use to controvert the evidence given by the other party, is a circumstance which the trier has a right to consider in determining whether the fact is as the other party's testimony tends to show. We also think that the fact that scythes were sent to the address of the defendants at Chateaugay, New York, and that a portion of the same were returned, had a legal tendency to show that the defendants resided at the time of their receipt and return, at Chateaugay, New York. So, also, the fact that the defendant present testified in his own behalf to the law of New York in regard to the time in which by the laws of that state actions of this kind must be brought, to avoid the Statute of Limitations, would, to an ingenuous mind, tend to show that the defendants resided in New York when the cause of action accrued. It can hardly be conceived what bearing they thought the laws of New York in that particular could have upon the case if they did not then and now reside in that state. Such evidence introduced and given by the defendants, and accompanied by no statement of where they reside now, was at least an indirect admission that they considered that such proof might be for their benefit, and hence an indirect admission that their residence during the time the Statute of Limitations would run on the plaintiff's claim was in New York. Hence we conclude there was evidence before the auditor which legally tended to establish all the facts found by him. Of its sufficiency, the auditor was the sole judge, and having passed his judgment, we cannot revise it. As the auditor has been somewhat sharply criticised for finding the facts he has from the evidence before him, we may be pardoned for saying, that it is diffi-

cult for us to understand how he could have arrived at any other conclusions of fact from the evidence and circumstances, than those he did arrive at.

II. The defendants further insist that to avoid the bar of the Statute of Limitations, it was incumbent upon the plaintiff to establish, not only that the defendants resided in New York when the cause of action accrued, but, also, that they continued to reside there a sufficient length of time to remove the statute bar implied from more than six years having elapsed since the cause of action accrued, and, also, that the defendants during that period had no known property in this state    When the residence of the defendants in New York is once established, it is presumed to continue there till the contrary is shown ; and the burden is cast upon the defendants to show a change of residence. *Nixon* v. *Palmer*, 10 Barb. 175.    So, also, the defendants having been shown by the plaintiff to be non-residents of the state, so that the Statute of Limitations would not run against his claim, the burden was cast upon the defendants to show they had known property within the state of such a character as would defeat the force of the fact of their non-residence on the operation of the Statute of Limitations. *Mazozon* v. *Foot*, 1 Aik. 282 ; *Hill* v. *Bellows*, 15 Vt. 727.    These are the only points on which the defendants rely to reverse the judgment of the County Court.    We find no error in the action of the County Court on these points, and judgment is affirmed.