M. N. BURNHAM *vs.* M. P. COURSER.

October Term, 1896.

Present: Ross, C. J., TAFT, TYLER, MUNSON, START and THOMPSON, JJ.

*Statute of Limitations—Burden of Proof as to Known Attachable Property.*

One who seeks to avail himself of the statute of limitations is bound to prove that he had known attachable property within the State for the statutory period, if he has not been for the same period present or resident therein.

The defendant pleaded the statute of limitations. The plaintiff replied the defendant's absence from and residence without the State with no known attachable property therein. The defendant rejoined with a traverse. *Held*, that the issue of known attachable property was not raised, since that could be done only by an affirmative averment on the part of the defendant, which would cast upon him the burden of proving the same.

ASSUMPSIT on a promissory note. Pleas, the general issue and statute of limitations. Replication to the plea of the statute, absence from and residence out of the State with no known attachable property therein. Rejoinder, traverse. Trial by jury, December Term, 1895, Windsor County,

*Rowell*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

The only question was whether the action was barred by the statute of limitations. The defendant introduced no testimony but rested when the plaintiff did, and moved for a verdict, which was denied, and he excepted.

There was evidence that the defendant took a lease of a hotel in Hartford, Vermont, in 1894, and that the scrivener stated his residence therein as of Sunapee, New Hampshire, upon information then derived from the defendant.

*William Batchelder* for the defendant.

The court should have granted the defendant's motion for a verdict. The evidence did not tend to establish absence and non-residence for the requisite period.

The burden was upon the plaintiff to show that the defendant had no known attachable property within the State. *Batchelder* v. *Barber*, 67 Vt. 254; *Stevens* v. *Fisher*, 30 Vt. 200.

It is true that the contrary was held in *Rixford* v. *Miller*, 49 Vt. 326, but that case depends upon *Mazozon* v. *Foot*, 1 Aik. 282, wherein the point was raised only inferentially, and *Hill* v. *Bellows*, 15 Vt. 727, which gives no reason and cites no authority.

The issue as to property is made by the replication following, and necessarily following, the language of the statute. V. S. 1211.

The court has held that the plaintiff must prove both absence and non-residence. The reason is equally strong for requiring him to prove the absence of property. *Mazozon* v. *Foot*, I Aik. 282.

*Hunton & Stickney* for the plaintiff.

The subject matter of the negative averment in regard to property lies peculiarly within the knowledge of the defendant; the averment is therefore to be taken as true unless disproved by the defendant. *State* v. *Lipscomb*, 52 Mo. 32;

*State* v. *Crowell*, 25 Me. 171; *Rex* v. *Turner*, 5 M. & S. 206, 211, 213; *Rex* v. *Burdett*, 4 B. & Ald. 95, 140; *Hill* v. *Bellows*, 15 Vt. 727, 733; *Wheeler* v. *Brewer*, 20 Vt. 113; *Rixford* v. *Miller*, 49 Vt. 319.

The charge of the court upon the burden of proof is supported by *Rixford* v. *Miller*, 49 Vt. 319, and, though contradicted in language by *Batchelder* v. *Barber*, 67 Vt. 254, and *Stevens* v. *Fisher*, 30 Vt. 200, is not in conflict with the actual decision in either of those cases.

Ross, C. J.   The only contention is whether the action, on the note in suit, is barred by the statute of limitations.   To this plea the plaintiff replied, absence from and residence out of the State, with no known property within it.   Rejoinder, a traverse.   The note is payable on demand, and dated May 19, 1868.   Immediately upon giving it the defendant removed from and resided out of the State until about 1880. About that time he came to Barton and kept a hotel about a year.   The defendant introduced no testimony.

(1) He insists that the plaintiff's testimony had no tendency to show that, after he ceased to keep hotel at Barton, the defendant was absent from and resided out of the State.   The testimony of Newcombe was, in substance, that the defendant told him that he had been keeping hotel seventeen or eighteen years, that he was at Barton about a year, and that all the other places where he kept hotel, and where he spent his summers, were out of the State.   This had a tendency to show that the defendant, during these years, was present where he was carrying on business, where he said he spent his summers, that he resided at the places named, and therefore was absent from and resided out of the State, except while at Barton.   Hence, the court committed no error in submitting this testimony to the jury as tending to establish the two facts of absence from and residence out of the State.   Nor did the court err in its instructions to the jury, that the statement in the lease which the defendant in 1894 took of the hotel at White

River Junction, in regard to his then residence, might be considered as tending to show where his residence was at that time. It was a declaration, presumably of the defendant, in regard to his then residence.

(2) While the plaintiff gave some testimony, tending to show that the defendant left no known attachable property in the State, the court, against the exception of the defendant, held and charged that if "when he got through keeping hotel at Barton, the defendant removed from the State and was thereafter absent therefrom and non-resident therein, until he came to White River Junction, the plaintiff was entitled to recover, as, in that case, the burden would be on the defendant to show that he had the requisite property in the State, which he had not attempted to do." This holding is directly sustained by the decisions of this court in *Hill* v. *Bellows*, 15 Vt. 727, and in *Rixford* v. *Miller*, 49 Vt. 326, in each of which the identical question was raised and decided. It is in substance so held in *Mazozon* v. *Foot*, 1 Aik. 282. The defendant contends that this court held in *Stevens* v. *Fisher*, 30 Vt. 200, and in *Batchelder* v. *Barber*, 67 Vt. 254, that the burden to prove that the defendant at the time the cause of action accrues, "is absent from and resides out of the State and has not known property within the State which can by common process of law be attached," rests upon the plaintiff to prevent the statute running. Some of the language used, apparently, supports this contention. But in neither was the precise question raised, nor considered. In *Stevens* v. *Fisher*, the defendant pleaded that the plaintiff's cause of action did not accrue within eight years next before the commencement of the suit. The plaintiff replied that the defendant was out of the State, before and at the time the cause of action accrued, that he first returned at a specified date, and that he brought his action within eight years thereafter. He did not reply that during that time the defendant also resided out of the State, nor that he had no known attachable property in it. The plaintiff proved

that during the time covered by the replication, the defendant resided in the state of New York. After stating that to prevent the running of the statute, two facts must concur—absence from the State, and that the defendant had no known attachable property within the State—the court remarked: "The replication is, we think, entirely defective, and the plaintiff's proof is equally defective in bringing the defendant within any of the exceptions of the statute." This does not touch the question upon whom the burden rested to prove the non-existence or existence of known attachable property, if the plaintiff had both alleged and proved absence from and residence out of the State. Clearly the plaintiff's replication and proof were both defective. He had alleged absence from the State and proved residence out of it. If he had proved his absence from the State, service of the plaintiff's writ might have been made upon him at the defendant's residence. Proving that the defendant resided in New York did not sustain his replication, nor did it exclude that the defendant was present in the State, so that the plaintiff could not have served his writ upon him. The point is not raised, nor considered, which is now before us for consideration, nor is there any intimation what the court would have held if it had been presented. The cases in 1 Aiken and in 15 Vt., are not alluded to. *Batchelder* v. *Barber, supra,* was heard on a referee's report. The action is assumpsit, plea, non-assumpsit with notice of the statute of limitations. What facts were reported is not disclosed. The attorney for the defendant cited *Stevens* v. *Fisher,* in support of the proposition that the burden was on the plaintiff to establish that the defendant had no known attachable property in the State while he was absent from it. The opinion apparently endorses this contention and cites *Stevens* v. *Fisher,* as supporting it. No other case is cited by the counsel, nor by the court, and apparently no other case was considered. If the facts reported by the referee brought the case within

the decision in *Stevens* v. *Fisher*,—as we must presume they did—the case was correctly decided.   Such decision would not require any statement in regard to the party upon whom the burden rested to show *known property subject to attachment in the State*, provided the plaintiff established the defendant's absence from and residence out of the State for a sufficient length of time to prevent the running of the statute of limitation.   It is evident that this court by its decisions in *Stevens* v. *Fisher* and in *Batchelder* v. *Barber*, did not intend to overrule the decisions in 1 Aik. 15 Vt. and 49 Vt. above cited.   The practice so far as disclosed by the decisions, has conformed to the decisions in the 15 Vt. and 49 Vt.   In *Tucker* v. *Wells*, 12 Vt. 240, the court, in remarking upon the replication, says, that if the defendant had taken issue thereon, "it would have been incumbent on the defendant to have proved that the plaintiff in fact had knowledge of the existence of the property."   In *Wheeler* v. *Brewer*, 20 Vt. 113, in *Russ* v. *Fay*, 29 Vt. 381, and in *Moore* v. *Quint*, 44 Vt. 98, from the statement in regard to the order of the trial, it is implied that the defendant assumed the burden of proving that he had known attachable property in the State.   We think the decisions in *Hill* v. *Bellows* and *Rixford* v. *Miller* are well supported on principle.

The statute of limitations is one of rest from litigation. It does not assume that the debt in suit has been paid, but rests upon the principle that the plaintiff shall have a certain time in which to enforce its payment, and that if he neglects to take steps during such period to enforce it he shall no longer be entitled to that right.   It is a bar of the right created by statute.   The debtor must both plead and establish it.   The statute proceeds upon the assumption that, during the statutory period, the debtor is so circumstanced that his creditor can take steps to enforce collection of his debt, either by a judgment personally binding the defendant, or by a qualified judgment against his property

within the jurisdiction. To effectuate these purposes, the statute limits a period in which different forms of action shall be brought. In assumpsit, the form of this action, the time limited is six years after the cause of action accrues. The periods limited, applicable to the different forms, or causes of action, are stated in separate sections of the statute. Then, in a different section of the statute, V. S. 1211, there is a general provision,—applicable to the several preceding sections, limiting the times in which different forms of action shall be brought,—for a deduction from the time limited, under certain conditions. This provision, applicable to this action, is, "if, after a cause of action accrues and before the statute has run, the person against whom it accrues is absent from and resides out of the State, and has not known attachable property within the State which can by common process of law be attached, the time of his absence shall not be taken as a part of the time limited for the commencement of the action." This provision for a deduction from the time limited for bringing the different form of actions, being general, contained in another section of the statute, and applicable alike to several preceding sections of the statute, need not be incorporated by the defendant into his plea in bar. His plea, non-assumpsit *infra sex annos* is sufficient. If either his declaration, specifications, or proof brings the plaintiff's case within the operation of the plea, and he relies upon the deduction from the time limited provided for in V. S. 1211, the plaintiff must reply *precludi non*, because, etc., defendant was absent from and resided out of the State and had not known property within the State, etc. He must include in his replication all these provisions of the statute which create the deduction, although that relating to known property is a negative averment, made so by the statute. If the defendant should deem it material to the maintenance of his plea in bar, to make an issue upon whether he had known attachable property within the State, he cannot do

so, because it is a negative averment in the replication, by a traverse, but, by rejoinder, must aver, affirmatively, that during the time embraced in the replication he had known attachable property in the State, and conclude with a verification.    I Chitty Pl. 613; *Martin* v. *Smith*, 6 East. 554; Story's Pl. in Civil Actions pp. 138, 139; *Mazozon* v. *Foot*, 1 Aik. 282; *Sissons* v. *Bicknell*, 6 N. H. 557.   Having so rejoined, the plaintiff, by surrejoinder, may traverse this fact, and thereby the burden falls upon the defendant to establish that during the time covered by the replication he had known attachable property within the State.   This was the order of pleadings pursued in *Sissons* v. *Bicknell*, *supra*, and the court held that the burden was on the defendant to show that he had known attachable property in the State.    *Mazozon* v. *Foot*, *supra*, arose on another provision of V. S. 1211, reading, "If, when a cause of action of a personal nature   *   *   *   accrues against a person, he is out of the State, the action may be commenced within the time limited therefor after such person comes into the State." To the plea setting up the statute, the plaintiff replied, that the defendant was out of the State; rejoinder, that defendant came and returned within the State, etc.   Surrejoinder, traversing the last plea of the defendant.   It was held that the burden was on the defendant to show that his return into the State was known to the plaintiff, and was for such length of time, that he could have made service of his writ upon him, unless his return was permanent and became a residence in the State.   *Hill* v. *Bellows*, 15 Vt. 727, was an action of book account.   The defendant pleaded the statute of limitations.   The plaintiff replied as in the case at bar. The defendant traversed the replication as in the case at bar.   It is said in disposing of the case, "It is questionable whether this clause of the statute,"—the one reading, "and has not known property" etc.—"has any application whatever to the case under consideration, inasmuch as it is found that the defendant resided and was out of the State at the

time the cause of action accrued." This intimation must have been on the basis that defendant's traverse of the replication only put in issue, the affirmative averments of residence out of and absence from the State, contained in the replication, but did not put in issue the negative averment therein that the defendant "has not known property" etc. The court further says, "If it has any application, it was incumbent on the defendant, if he intended to avail himself of its provisions, to prove that he had known and visible property within the State from which the plaintiff could have satisfied his demand, by attachment and levy of an execution." This case is identical with the case at bar, both in the form of pleadings, and in the holdings of the court.

*Rixford* v. *Miller*, 49 Vt. 319, is an action of book account. The pleadings in the case are not set forth in detail. It is stated that the defendant claimed, "that as the cause of action accrued more than six years before suit was brought, and as the plaintiff had not shown that the case came within the provisions of § 15, c. 63 Gen. St. (V. S. 1211) it was barred by the statute of limitations." This objection was unsustained, and the case decided on the doctrine of *Mazozon* v. *Foot* and *Hill* v. *Bellows*. Hence, on the authority of these decisions and on principle, the ruling of the trial court was correct. While the statute required that the plaintiff, in his replication, should include the negative averment, that defendant during his absence from and residence out of the State had not known attachable property in the State, this negative averment was not traversable, nor put in issue by the defendant's traverse of the replication; that to have made the subject of known attachable property regularly available to the defendant, in support of his plea, he should have rejoined avering affirmatively, such known attachable property. This order of pleading places the burden of proving that he had known attachable property on the defendant, and if he did not

follow it, he could ask for no more, on a traverse of the replication, than that he should be allowed—as was questioningly done in *Hill* v. *Bellows*—the benefit of it, if he proved it.

This result is confirmed by text writers on the subject of burden of proof.

Mr. Greenleaf says: "The obligation of proving any facts lies upon the party who substantially asserts the affirmative of the issue." I Green. Ev. § 74, Mr. Starkie gives substantially the same rule. I Starkie on Ev. 376. Both say that the cases in which the plaintiff grounds his right of action upon a negative allegation are an exception to this rule. I Green. Ev. § 78; I Starkie on Ev. 377, 378. An examination of the cases, given by these authors, as constituting the exception, shows that unless the negative on which he grounds his right of action is established by the plaintiff, the law presumes against the existence of the negative. The test determinative of upon whom the burden of proving a given fact rests, is whether, if the fact is not established, it will be fatal to such party's right to recover. II Am. & Eng. Ency. Law 655. This rule and exception thus tested, are, in legal effect, the rule expressed in Art. 93 of Stephens Digest of Evidence, thus, "Whoever desires any court to give judgment as to any legal right or liability dependent on the existence or non-existence of facts which he asserts, or denies, must prove that those facts do or do not exist." In the case under consideration, the plaintiff establishes his right to recover, if nothing more is shown, on producing the defendant's promissory note uncancelled. The defendant says, by his plea, that the plaintiff has become barred from exercising this right because more than six years elapsed after the right accrued before he brought his suit. The plaintiff rejoins *precludi non*, because the defendant was absent from and resident out of the State and had not known attachable property in the State. If the plaintiff establishes that the defendant was so absent from and resident out of the State,

there is no presumption that he had known attachable property within the State during the time of his absence from and residence out of it, but the existence of such property within the State during the time of his absence from and residence out of it is a fact which must be in the case to establish the defendant's plea in bar. Hence the burden is upon him to establish this fact, if judgment is to be rendered in his favor. With this fact not brought into the case, the defendant's plea in bar fails, and the plaintiff is entitled to recover on his note.

*Judgment affirmed.*