Parker, J.
This action was bright by the plaintiff, a judgment creditor of the defendant George H. Wooster, to enforce payment of his judgment out of certain leasehold property conveyed by the plaintiff to the (iefendant Emma G. Wooster, the wife of the other defendant; and is based upon the allegation that George C. Wooster paid for the property, and that the same is, therefore, liable for his debts.
The action was tried at the New York special term, before Mr; Justice Allen, who found as follows: “ In March, 1858, the plaintiff entered into a written contract with the defendant Emma. 0. Wooster,, to sell- and convey to her the leasehold premises mentioned and described in the complaint, and on or about the first day of May, 1858, a proper deed of conveyance to vest the title of said premises in the said Emma C. Wooster *476 was executed by the plaintiff, and at the same time a bond and mortgage on the premises to secure that part of the purchase money for which a credit was to be given, were executed by the defendants. Prior to this, two payments had been made on account of the purchase money, and the deed and bond and mortgage were left with William Peet, Esq., to be delivered to the parties entitled to the same, respectively, when that part of the purchase money which was to have been paid by the first of May, should be actually paid. This was paid about the 26th of June, when the deed and mortgage were delivered •v being handed to the proper officer for record, and the sale m fully consummated, and the title to the premises, subject to th mortgage, vested in the defendant Emma C. Wo'oster. The m1ney pai¿ before the actual delivery of the papers, and which (-mstituted one-half of the purchase money, was paid from mobys? and avails of choses in action, and other property given^0 ber by her husband, prior to March, 1858.
At the tim, Qf the execution of the deed and mortgage, the defendant Getrge H. Wooster, concluded a bargain with the plaintiff for the purchase of certain personal property on the premises, for thret-hundred dollars, on a credit of five months, for which he gave his note to the plaintiff. Judgment was obtained on this note,and an execution issued thereon against the property of the defmdant George H. Wooster, which was returned unsatisfied befoix the commencement of this action.”
As conclusions of law, the said justice found “ that the plaintiff was not a creditor ol George H. Wooster, at the time of the conveyance, within the meaning of the statute (1 Rev. Stat., 728, §§ 51, 52), the debt laving been contracted simultaneously with the conveyance, and the credit given with the full knowledge of the transfer and conveyance,” and, therefore, was not entitled to any relief. Judgment was thereupon given for the defendants. Upon appeal by the plaintiff to the general term, the judgment was affirmed, and the case is brought by appeal to this court.
There is no allegation in the complaint, and no finding or evidence of actual fraud on the part of the defendants. Neither is there any allegation or finding or evidence that, at the time when George H. Wooster gave his wife the money and property *477 out of which the purchase money actually paid arose, he was indebted to the plaintiff or any other person. Under such circumstances I am unable to see on what ground the plaintiff can make a valid claim to apply the property in question to the payment of his judgment. In the first place, the gifts and voluntary conveyances of George H. Wooster to his wife, made without fraudulent intent, at a time when he was indebted to no one, were in equity valid and effectual, and are not to be called in question in a court of equity by his subsequent creditors. (Sexton v. Wheaton, 8 Wheat., 229; Neufvilie v. Thomson, 3 Edw. Ch., 92; Borst v. Spelman, 4 N. Y. [4 Coms.], 284.) Subsequent indebtedness cannot be invoked to make that fraudulent, which was honest and free from impeachment at the time. (Babcock v. Eckler, 24 N. Y., 630; Reade v. Livingston, 3 John. Ch., 500; Seward v. Jackson, 8 Cow., 406; Hinde v. Longworth, 11 Wheat., 199.) The money paid for the property in question was not then, as between this plaintiff and Mrs. Wooster, the money of her husband, but her own money. The case, therefore, is not within the statute which declares that “ where a grant for a valuable consideration shall be made to one person, and the consideration therefor shall be paid by another * * * such conveyance shall be presumed fraudulent, as against the creditors, at that time, of the person paying the consideration.” (1 Rev. Stat., §§ 51, 52, 1st ed.) The husband did not, in this case, pay the consideration, so that no resulting trust arises in favor of the husband’s creditor.
But again, the position which the plaintiff occupies in relation to the transaction complained of as fraudulent, excludes him from alleging the fraud, or claiming any benefit against it. The conveyance against which he now seeks to derive advantages from the property, was made by himself, with a full knowledge of all the facts as they existed at the time, as we are bound to presume, since he has shown nothing to the contrary. (Grant v. Morse, 22 N. Y., 323.) So that if the money paid was the debtor’s, as he now insists it was, and the conveyance to the wife, therefore, fraudulent. as against creditors, it was not fraudulent as against him, for he was not only consenting to the act, but himself performing it. Surely *478 the maxim volenti non Jit injuria must be admitted to be applicable in such a case. It is no matter, therefore, whether he was a creditor at the time or not. Admitting that he was, he has excluded himself from the advantage which the statute provides for creditors in such cases.
I am of the opinion that the judgment is right, and should be .affirmed.
All the judges concurred in the above opinion except Grover and Hunt, JJ. They concurred in the result.
Judgment affirmed.