Gertrude E. Armitage, Respondent, v. Daniel Mace, Appellant.

A husband may make a valid gift of personal property directly to his wife.

A., plaintiff's husband, was the owner of a mare which she had frequently requested him to give to her. On one occasion while standing at the stable beside the mare, she again asked him. He replied, " very well you like her so much I will give her to you; she shall be your property," and thereupon he called the man having care of the mare, informed him of the gift, and told him that thereafter the previous orders in regard to her use were changed, and he was to deliver her to plaintiff, as she wanted her. Prior to that time plaintiff had never driven the mare, but she had always been driven by A. Afterward A. used another horse, plaintiff drove the mare whenever she chose, and no one else used her without her consent. A. always recognized plaintiff's ownership, and the mare was known in the family as hers. Subsequent to such gift the mare was kept in A.'s stable, cared for by a hostler paid by him, and he paid for her feed, shoeing and training; plaintiff had no separate estate or income. *Held*, that the facts justified the submission to a jury of the question, and was sufficient to sustain a finding that there was a completed gift.

The mare was, with the consent of plaintiff, delivered by A. to defendant, who kept a boarding stable, to be kept, trained and sold by him, he supposing that she belonged to A. She was cared for in his stable for a time at an agreed price which was paid by A. A new agreement was then made by which defendant was to take the mare around the country

to enter her for races, A. to pay all expenses, and the earnings of the mare to be divided. In pursuance of this arrangement defendant took the mare to various places, and while traveling with her incurred and paid expenses for her board and shoeing. In an action to recover possession of the mare, *held,* that for such expenses defendant had no lien under the Livery Stable Keepers' Act of 1872 (Chap. 498, Laws of 1872).

(Submitted June 24, 1884; decided October 7, 1884.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made February 6, 1882, which overruled defendant's exceptions, denied a motion for a new trial, and directed judgment on a verdict.

The nature of the action and the material facts are stated in the opinion.

*Peter Mitchell* for appellant. There was no delivery of the horse by the husband to the wife at the time of the alleged gift, nor did the plaintiff exercise any command or dominion over the mare, the subject of the pretended gift, all of which were requisite to make the gift valid in law. (Kent's Comm., § 437; *Harris* v. *Clark,* 3 N. Y. 93; 2 Kent's Comm. 439, 440; *Doty* v. *Wilson,* 49 N. Y. 580; *Brinckerhoff* v. *Lawrence,* 2 Sandf. Ch. 411; *Gray* v. *Barton,* 55 N. Y. 72; *Trough's Estate,* 75 Penn. St. 117; *In re Campbell Estate,* 7 Barr. 100; *Withers* v. *Weaver,* 10 id. 391; *Kidder* v. *Kidder,* 9 Casey, 268; *Linsenbigler* v. *Gourley,* 6 P. F. Smith, 166; *Pringle* v. *Pringle,* 9 id. 281; *Brewer* v. *Harvey,* 72 N. C. 177; *Hakins* v. *Bluvitt,* 2 Esp. 663; *Noble* v. *Smith,* 2 Johns. 52; *Martin* v. *Funk,* 75 N. Y. 134; *Jackson* v. *Twenty-third street R'y Co.,* 88 id. 526; *Dole* v. *Lincoln,* 31 Me. 428; *Northrop* v. *Hale,* 73 id. 69; *Brink* v. *Gould,* 43 How Pr. 289; *Johnson* v. *Speiss,* 5 Hun, 468; *Hoar* v. *Hoar,* 5 Redf. 637; *Geary* v. *Page,* 9 Bosw. 297; *Delmotte* v. *Taylor,* 1 Redf. 417.) In gifts from husband to wife, the evidence of intention should be clear and distinct. (*Borst* v. *Spelman,* 4 Comst 284; *Hunt* v. *Johnson,* 44 N. Y. 27; Schouler H. & W., §§ 385-6; Wells Sep. Prof. M. & W., § 364; *Bradshaw*

v. *Mayfield*, 18 Tex. 21; *Whiton* v. *Snyder*, 88 N. Y. 302.)
As at the time of the alleged gift, the horse was to be kept and
continued in the possession of the servants of the plaint-
iff's husband, the possession of the servant was the possession
of the master. (Wharton's Criminal Law [8th ed.], § 739.)
The court erred in permitting the witness, Maria Pinney, to
testify to orders alleged to have been given by the plaintiff
(tending to establish ownership in the mare) to employes of
her husband. (*Robb* v. *Hackley*, 23 Wend. 50; *Downs* v. *N.
Y. C. R. R. Co.*, 47 N. Y. 83; *Reed* v. *Same*, 45 id. 574;
*Corser* v. *Paul*, 41 id. 32; *Faner* v. *Turner*, 1 Clarke [Ia.],
53; *Ladd* v. *Able*, 18 Conn. 513; *Haynes* v. *Rutter*, 24 Pick.
242; *Marriage* v. *Lawrence*, 3 B. & Ald. 114.) The court
erred in stating to the jury (substantially) that if there were
any incorrect charges in the bill served with a notice of the
lien, then that would defeat such lien. (*Threfall* v. *Borwick*,
72 Q. B. 711; *Hoyt* v. *Sprague*, 61 Barb. 497; *Eckhard* v.
*Donohue*, 9 Daly, 214.) If a party does not disavow the acts
of his agent as soon as he can after they come to his knowledge,
he makes these acts his own. (Parsons on Contracts, 49, 50,
51.) If one party knowingly permits another to hold himself
out as owner, and a third party acts upon the faith of such rep-
resentations, if it would injure such party acting upon the faith
of these representations to show they were false, the actual
owner would be estopped from showing his ownership as to
such party. (*Greenleaf* v. *Stenton*, 6 Weekly Dig. 33; *Weaver*
v. *Barden*, 49 N. Y. 286; *Develin* v. *Pike*, 5 Daly, 85.)

*Edwin Kempton* for respondent. A husband has a right to
make chattel gifts to his wife. Such gifts will always be
sustained unless in fraud of creditors. (*Phillips* v. *Wooster*,
36 N. Y. 412; *Samson* v. *Pa. R. R. Co.*, 48 id. 216; *Whiten*
v. *Snyder*, 88 id. 299.) Defendant was not in a position to
question plaintiff's title; he had shown no privity with the
alleged donor, nor any claim upon or interest in the property
which was the subject of the gift, nor that he was a creditor of
the donor, and the donor on the trial and at the time of the

demand upon plaintiff for the possession and previously had declared the title and right of possession in the plaintiff donee. (*Browne* v. *Fosbrook*, 18 C. B. [N. S.] 515 ; *Miller* v. *Decker*, 40 Barb. 228 ; *House* v. *Grant*, 4 Lans. 296 ; *Frost* v. *Mott*, 34 N. Y. 253 ; *Stowell* v. *Otis*, 71 id. 36 ; *Sickles* v. *Gould*, 51 How. Pr 22 ; *Duncan* v. *Spear*, 11 Wend. 54, and note ; *Hoyt* v. *Van Alstyne*, 15 Barb. 568 ; *Frost* v. *Mott*, 34 N. Y. 253 ; *Gerber* v. *Monie*, 56 Barb. 652 ; *Stowell* v. *Otis*, 71 N. Y. 36.) In the giving of the horse to plaintiff, the requisite formalities of a gift, in their utmost strictness, were present and complied with. (*Griffin* v. *Banks*, 37 N. Y. 621 2 Kent's Com. 439 ; *Hunter* v. *Hunter*, 19 Barb. 631 ; *Gray* v. *Barton*, 55 N. Y. 72 ; *Gardner* v. *Merritt*, 3 Am. Rep. 116 ; *Grymes* v. *Howe*, 49 N. Y. 17 ; *Minchin* v. *Merrell*, 2 Edw. Ch. 333 ; *Curry* v. *Powers*, 70 N. Y. 215 ; *Harris* v. *Clark*, 3 id. 113 ; *Blake* v. *Jones*, 2 Hills [S. C.], 629 ; *Stevens* v. *Stevens*, 5 N. Y. Sup. Ct. 87 ; 2 Hun, 470 ; *Allen* v. *Cowan*, 23 N. Y. 502 ; *Gray* v. *Barton*, 55 id. 72 ; *Hunter* v. *Hunter*, 19 Barb. 631 ; *Minchin* v. *Merrill*, 2 Edw. Ch. 333 ; *Whiting* v. *Barrett*, 7 Lans. 106 ; *Davis* v. *Zimmerman*, 7 Reporter, 465 ; *Trow* v. *Shannon*, 78 N. Y. 449 ; *Whiting* v. *Barrett*, 7 Lans. 106 ; *Grangiac* v. *Arden*, 10 Johns. 293 ; *Smith* v. *Smith*, 32 Eng. C. L. 557 ; *Davis* v. *Davis*, 1 N. & Mc. 225.) In taking a deposition *de bene esse* a party is not empowered by the statute to go into a course of irrelevant. inquiry, and have answers thereto included in the deposition. (Code, § 880 ; *Gibson* v. *Pearsall*, 1 E. D. Smith, 90.)

EARL, J. This action was brought in November, 1877, to recover the possession of a mare called "Modesty." The defendant, in his answer, denied plaintiff's title and alleged that he had a lien upon the mare for her keep and board under chapter 498 of the Laws of 1872.

The plaintiff claimed title to the mare by a gift from her husband. It is not denied in the brief submitted to us on behalf of the appellant that she could thus acquire the title. That a husband may make a valid gift of personal property

directly to his wife is thoroughly settled by authority. (*Phillips* v. *Wooster*, 36 N. Y. 412; *Rawson* v. *Pa. R. R. Co.*, 48 id. 216; *Whiton* v. *Snyder*, 88 id. 299.)    But it is denied that a valid gift of the mare was made.    The material evidence as to the gift is substantially as follows:    Mr. Armitage had for sometime owned and used the mare.    She was a family pet and Mrs. Armitage had become much attached to her.    She had often expressed to him a wish to own her and had asked him to give the mare to her.    On an occasion when they had just returned from the depot with the mare, and while standing at the stable beside the mare, she asked her husband again to give her the mare, and he said "very well, you like her so much I will give her to you, she shall be your property," and he called the man that was taking care of her and informed him of the gift, and told him that thereafter the previous orders he had given him about the use of the mare were changed, and that he was thereafter to deliver the mare to Mrs. Armitage, as she wanted her.    She thanked her husband for the gift and showed her gratitude by putting her arms around his neck and kissing him.    Previous to this Mrs. Armitage had never driven the mare alone, but had driven another horse, and Mr. Armitage had always driven the mare.    After this he ceased to drive the mare and used another horse, and she drove her exclusively.    After this Mr. Armitage always recognized her ownership, and the mare was known as hers in the family of her husband.    She thus had all the possession a wife living with her husband could have.    She controlled the mare, used her when she chose to do so, she was recognized as hers and no one else used her without her consent.    While these facts do not make a very clear case of gift, they were sufficient to carry the case to the jury and to authorize a finding by them that the mare was delivered to and possessed by her in pursuance and consummation of the gift.

Subsequently to the gift the mare was kept in the husband's stable, cared for by a hostler paid by him, and he paid for her feed, shoeing and training, as Mrs. Armitage had no estate or income.    These facts were proper for the consideration of the

jury, but did not nullify or destroy the gift or conclusively show that one valid in law had not been made.

Nearly four years after the gift of the mare, she was, by consent of the plaintiff, delivered to the defendant by Mr. Armitage to be kept, trained and sold by him. He did not know that the plaintiff owned the mare, but supposed that she belonged to Mr. Armitage. He kept a boarding stable, and from January until May, 1877, he kept the mare in his stable at an agreed price which was paid. Then a new agreement was made by which the defendant was to take the mare around the country to race courses and driving parks and enter her for races, and he was to share in the money she won. According to his evidence, which we will assume to be true, although it is more favorable to him than that of Mr. Armitage, the arrangement was that he was to trot the mare and have half of her earnings and Mr. Armitage was to pay all the expenses. In pursuance of this arrangement he took the mare to Utica, Syracuse, Elmira, Springfield and other places and trotted her and won various sums of money. The lien claimed by the defendant was for expenses incurred by him in keeping and shoeing the mare during the existence of this arrangement while she was not at his stable, but was traveling through the country to attend the races. For such expenses the defendant can have no lien under the act of 1872. That provides that " it shall be lawful for all livery stable keepers and other persons keeping any horse or horses at livery or pasture, or boarding the same for hire under any agreement with the owner thereof, to detain such horse or horses until all charges under such agreement for the care, keep, pasture or board of such horses shall have been paid." This statute gives a lien to the person who by agreement keeps a horse at livery or pasture or boards a horse for hire. The defendant did not bring his case within the statute. He had the horse under a special agreement whereby she was to be used for the joint benefit of himself and Mr. Armitage. It was not an agreement for the board of the horse, and he did not, within the meaning of the statute, board her. She was boarded by other persons in their

stables, who might have acquired a lien under the statute, and he paid them. The charges he makes are not due him as a stable keeper, but if valid, are due him in consequence of the joint adventure made under the special agreement. For expenses thus incurred the statute gives him no lien.

We have carefully examined and considered the whole case, and find no error in any of the rulings upon the trial which call for a reversal of the judgment, which should therefore be affirmed, with costs.

All concur.

Judgment affirmed.