JOSEPH YATTER *v.* M. E. SMILIE.

May Term, 1900.

Present :  ROWELL, TYLER, MUNSON, START, THOMPSON and WATSON, JJ.

Opinion filed July 26, 1900.

*Presumption as to attachable property of absent debtor*—A debtor who has been absent from and resident without the State is, during the period of his absence and non-residence, presumed to have had no known attachable property within the State unless the contrary appears.

*Execution—Rule as to a year and a day a rule of the common law—Execution on dormant judgment*—The rule that an execution cannot issue on a judgment that has lain dormant more than a year and a day is not an inference from the statutes, but is a rule of the common law which the statutes assume and recognize.

*Execution—Debtor's absence from the State—Limitation as to time of issue not analogous to the statute of limitations*—The rule as to the time within which an execution may issue is not modified by the debtor's absence from and residence without the State.   In this respect it is not analogous to the statute of limitations.

*Execution—Time for issuance extended only for sufficient reasons*—It is only when a sufficient reason exists for not taking out an execution within the time limited by the general rule, that the time is extended, and then the extension is not in analogy to the statute of limitations, but is by virtue of an exception to the general rule which is a part of the rule itself.

*Insufficient reasons—Debtor's absence from the State—Alias and pluries executions*—The debtor's absence from and residence without the State do not afford a sufficient reason for not keeping a judgment active by successive executions.

*Insufficient reasons—Pendency of scire facias against bail—Successive executions*—The pendency of an action of *scire facias* against bail is no reason for not taking out successive executions.

*Insufficient reasons—Issuance ineffectual towards satisfaction*—The fact that the taking out of successive executions would avail the creditor nothing in getting satisfaction of his judgment, is no reason for not taking out such executions, and does not keep the judgment active unless by force of some statute.   See V. S. 1792.

*Consent to surrender by bail no waiver*—The debtor's coming into court for surrender by bail does not operate as a waiver of time in respect to the issuance of an execution.

*V. S. 1723—No implication of right to excution upon surrender*—The fact that the statute provides for the surrender of the debtor by his bail "that his body may be taken in execution" does not raise an implication of a right to an execution on surrender. A surrender merely restores the debtor to his former custody.

*Construction of statutes—Enlargement by implication—Necessity for implication must exist*—A statute is not to be enlarged by implication unless implication is necessary to make it effective in the accomplishment of the purpose it was designed to subserve.

*V. S. 1723—Application of the above rule*—Under V. S. 1723 by taking out successive executions the creditor may preserve the right to take the body of the debtor in execution on his surrender by bail and hence no implied enlargement of the statute is necessary to render it effective.

PETITION FOR A MANDAMUS to compel the issue of an execution brought to the Supreme Court, Washington County, May Term, 1900, and heard on petition and answer at the same term.

Reference is made to the case of *Yatter* v. *Pitkin & Miller*, *ante*, page 255.

*John G. Wing* and *Edward H. Deavitt* for the petitioners.

*Melville E. Smilie, pro se.*

ROWELL, J.   In October, 1888, the petitioner recovered a judgment in this court against Omer Miller in an action of tort wherein Miller's body was arrested and Pitkin and Wm. Miller became his sureties by indorsing their names on the writ as bail. The petitioner took the requisite steps to charge the bail, and afterwards brought his writ of *scire facias* against them, returnable to the May Term, 1890, of this court for Washington County, wherein such proceedings were had that at this present term the bail surrendered the principal into court in discharge of their liability, according to the statute in such case made and provided, and an *exoneretur* was entered on the record.   Thereupon the petitioner applied to the defendant, as he is clerk of this court, for an alias execution, which was denied, and this petition is brought to compel its issuance.   Before and at the time of the rendition of said judgment, the said Omer Miller was absent from and resided out of, the State, and ever since has and still does

reside thereout; and presumably, the contrary not appearing, has had no known attachable property therein during that time. *Burnham* v. *Courser*, 69 Vt. 183.

The judgment has lain dormant ever since the original execution was returned, which was more than eleven years ago, no other execution having been taken out. But the petitioner contends that he is entitled to take out another now on two grounds; first, because of the debtor's absence from and residence out of the State, with no known attachable property therein; and second, because the statute provides that on surrender the court shall order the principal into custody for a time, "that his body may be taken in execution." V. S. 1723.

On the first ground the argument is, that the rule that an execution cannot regularly issue on a judgment that has lain dormant more than a year and a day is a limitation inferred from the statute, and that therefore the time of the debtor's absence from the state should not be taken as a part of the time limited, in analogy to the modifying provisions of the statute of limitations in such cases; and further, that by coming into court for surrender, he waives the limitation of time, and consents that his body may be taken in execution. But the limitation is not an inference from the statute, but is a common-law rule, assumed and recognized by the statute but not born of it, and cannot be administered in analogy to it in the respect claimed; for it is only when a sufficient reason exists for not taking out an execution within the time that the time is extended; and then, not in analogy to the statute, it is a part of the rule itself. Here no reason existed why executions could not have issued often enough to keep the judgment active. The pendency of the *scire facias* is no reason. Nor is the fact that it would have availed the petitioner nothing in getting satisfaction of his judgment; for in *Catlin* v. *Merchants Bank*, 36 Vt. 572, it was held that the continued existence of a prior attachment of the debtor's real estate was no reason why successive executions should not have been taken out on a subsequent attaching creditor's judgment; and

because that was not done, an execution issued more than a year and a day after the rendition of the judgment was held to have been irregularly issued ; and yet, to have issued one sooner would have been of no avail except to keep the judgment active. This has since been changed by statute.

As to his coming into court being a waiver of the limitation of time and a consenting that his body may be taken in execution, it cannot be said to be either. The custody of the bail was merely a substitute for the custody of the officer, and his surrender was but returning him to his former custody, which was an alternative of the bail's undertaking. When that was done, the petitioner had what he had in the first place, namely, the body of the defendant in custody, and could proceed against him according to his right.

On the second ground the argument is, that the principal can be surrendered only that his body may be taken in execution, and therefore that the statute impliedly gives the right to an execution on surrender, and if not, that there can be no surrender.

But this view is not tenable. A statute is not to be enlarged by implication unless it is necessary in order to make it effective to accomplish the object that it was designed to subserve. But here is no such necessity, for the petitioner could have kept his judgment active by taking out successive executions, which he neglected to do.

*Petition dismissed with costs.*