CARLOTTA E. FLETCHER *v.* A. E. WAKEFIELD.

October Term, 1902.

Present: ROWELL, C. J., TYLER, START, WATSON, STAFFORD and HASELTON, JJ.

Opinion filed May 6, 1903.

*Married woman—Property rights—Gift from husband—Delivery—Evidence—Exceptions—V. S. 2647.*

A married woman can hold personal property, acquired by gift from her husband, against the attachment of creditors whose claims accrued after such gift.

The defendant's motion for a verdict, based on the claim that there was no sufficient change of possession of the property from the husband to the wife, was properly overruled, since there was evidence tending to show that the husband never owned the property.

17

Since the record does not show that all the evidence on the subject of
a request to charge is set forth, an exception to the Court's failure
to comply therewith is unavailing.

On the question whether the husband or the wife owned certain prop-
erty, evidence that such property was insured in the name of the
wife, with the husband's acquiescence, is admissible.

The admission of testimony, immaterial but not prejudicial, does not
warrant a reversal.

REPLEVIN for property levied on for a debt against
plaintiff's husband. Plea, not guilty. Trial by jury at the
December Term, 1901, Caledonia County, *Munson,* J., presid-
ing. Defendant's motion for a verdict overruled. Verdict
and judgment for the plaintiff. The defendant excepted.

*Taylor & Dutton* for the defendant.

The motion for a verdict should have been granted. The
plaintiff's title was not good against the defendant. It was a
gift from her husband. V. S. 2647. After the attempted
gift, the property remained in the husband's possession, and
was attachable on his debt. *Coombs* v. *Read,* 16 Gray, 271;
Rodgers Dom. Rel., s. 153-154; *Odell* v. *Lee,* 14 Ia. 411; *In
Re Hall's Est.,* 70 Vt. 458; *Towle* v. *Towle,* 114 Mass. 167;
*Allen* v. *Wilkins,* 3 Allen, 321; *Reeves* v. *Webster,* 71 Ill. 307;
*Thompson* v. *O'Sullivan,* 6 Allen, 304; *Baxter* v. *Knowles,* 12
Allen, 114. There was not sufficient change of possession.
*Smith* v. *Hewett,* 13 Ia. 94; *McAfee* v. *Busby,* 69 Ia. 328;
*Wheeler* v. *Selden,* 63 Vt. 429; *Weeks* v. *Prescott,* 53 Vt. 57;
*Flanagan* v. *Wood,* 33 Vt. 332; *Brown* v. *Amsden,* 47 Vt.
569.

It was error to allow plaintiff to testify that the piano
was insured in her name. 2 Jones on Ev., s. 300, 301; *Adams*
v. *Hikcox,* 55 Ia. 632; *Tuckwood* v. *Hanthorn,* 67 Wis. 326;

*Way* v. *Holton*, 67 Vt. 184; *Bridgman* v. *Corey's Est.*, 62 Vt. 1.

The evidence relative to the keeping of a house girl was immaterial.

*B. E. Bullard* for the plaintiff.

Gifts from husband to wife, when not in fraud of creditors, are sustained. *Fisher* v. *Williams*, 56 Vt. 586; *Warner* v. *Dove*, 33 Md. 579; *Glaze* v. *Blake*, 56 Ala. 379.

No delivery from the husband to the wife was necessary, because the husband never had the goods to deliver. *Lee* v. *Mathews*, 10 Ala. 682; *Fletcher* v. *Fletcher*, 55 Vt. 325.

The evidence relative to the insurance had a tendency to prove that the property had been treated as the wife's property, and was material and competent. *Hill* v. *Fouse*, 32 Neb. 637.

START, J. The defendant's motion for a verdict raises the question of whether a husband can make a valid gift of personal property to his wife, as against creditors of the husband who became such after the gift. By No. 21, Acts of 1867, a married woman was authorized to hold to her sole and separate use all personal property and rights of personal action acquired by her during coverture by inheritance or distribution. This right to hold separate personal estate was, by No. 140, Acts of 1884, enlarged so that she could hold all personal property and rights of action acquired before or during coverture, except those acquired by her personal industry or by gift from her husband; and by No. 84, Acts of 1888, the exception of property acquired by her personal industry was removed. V. S. 2647. The words "except by gift from her husband," found in this statute, do not, by implication, have the force of an enactment prohibiting a married woman

from holding personal property which comes to her by gift from her husband, but leave her rights respecting such property as they were under the common law, before the enactment of any statute relating to the separate estate of a married woman. *Dewey* v. *St. Albans Trust Co.,* 57 Vt. 332; *State* v. *Shaw,* 73 Vt. 149, 50 Atl. 863; *Yatter* v. *Smilie,* 72 Vt. 349, 47 Atl. 1070; *State* v. *Martin,* 68 Vt. 93, 34 Atl. 40.

This brings us to the consideration of the question of whether a married woman can hold personal property given to her by her husband, under the common law as interpreted by our Court, when the rights of creditors of the husband, at the time of the gift, are not involved. In *Cardell* v. *Ryder,* 35 Vt. 47, the Court in giving effect to an agreement between husband and wife respecting property, sa'd: "An agreement made during coverture may be enforced in equity even in case of a gift from the husband to the wife, if it is so far carried into effect as to separate the property from the residue of the husband's estate and place it in the name or exclusive control of the wife." In *Fisher* v. *Williams,* 56 Vt. 586, the Court, in an action at law, held that a husband could give his wife a demand for boarding a teacher, and in doing so, said: "The husband had the right to make a gift of any of his personal property to his wife to any amount except as against his then existing creditors." In *Bent* v. *Bent,* 44 Vt. 555, the Court, in holding that a husband could make a valid gift of a gold chain to his wife, said: "The law is well settled in this State, that the husband may surrender to the wife the right to her personal property which the law gives him by reason of the marriage; that he may do this by ante-nuptial contract to that effect, by allowing her to claim and control for a long time property given her during the coverture as her separate property, and refraining to exercise the right which the law gives him

to take from her such property and use it as his own, and by making gifts himself to the wife." In *Child* v. *Pearl,* 43 Vt. 224, the Court, in holding, in an action at law, that the plaintiff could recover for a mare and colt given to her by her first husband, and sold to the defendant by her second husband, said: "It is conceded, as it may well be, in view of the doctrine and rule established in many decided cases, that the husband may, during coverture, make a valid gift to the wife, by which she will become the owner, in her own separate right, of personal property." In *Richardson* v. *Estate of Merrill,* 32 Vt. 27, the Court, in holding that a wife could hold property which was the result of gift, inheritance or her personal earnings, said : "In every such case she will hold against the husband and his heirs, and generally against his creditors, so long as the husband allows the wife to keep the property separate from the general mass of his own estate, although his own name may be used in the formal conduct of the business, unless in the case of creditors this may lead to a false credit on the part of the husband." In view of these holdings, it is considered, that, in this jurisdiction, the law is settled that a married woman may hold personal property which comes to her by gift from her husband, as against creditors of the husband who becomes such subsequent to the gift.

The defendant also moved for a verdict on the ground that there was no such change of possession of the piano from the husband to the wife as to put it beyond the reach of the attaching creditor. It was in evidence that the husband and wife made an arrangement whereby she was to receive from him four dollars per week for one year, to dispose of as she pleased. Payments were made under this arrangement until the wife had one hundred sixty-two dollars in money. This sum she loaned to her husband. The wife inspected, tried

and selected the piano, and had negotiations with the salesman which resulted in the purchase of the piano for two hundred twenty-five dollars, the husband paying therefor under an arrangement that he should do so in discharge of the loan so made by his wife to him, and of the amount unpaid under the first arrangement, and that the piano should be her property.    Before the piano was paid for, it was delivered at the house occupied by the husband and wife, and there set up to her satisfaction, she being there at the time and her husband at his office.    This evidence tended to show that the husband never owned the piano, and the issue presented by it was for the jury; and, if found in favor of the plaintiff, it followed that the husband, as owner, never had possession of the piano.    Such being the tendency of the evidence, and the effect of a finding therefrom being that the husband never became the owner of the piano, the motion was rightfully denied. *Ridout* v. *Burton,* 27 Vt. 383; *Paris* v. *Vail,* 18 Vt. 277; *Ross* v. *Draper,* 55 Vt. 404, 45 Am. Rep. 624.

The defendant requested an instruction that, if the jury found that the husband intended to give the piano to his wife, then there had been no such delivery of it to the wife as put it beyond the reach of the attaching creditor.    The exceptions show that certain evidence was introduced by the plaintiff, but there is nothing in the record from which it appears that there was not other evidence upon this subject; therefore we cannot say that, if there was a gift of the piano, it was not followed by a delivery.    The evidence, so far as it is recited in the exceptions, is not inconsistent with such a delivery.    For aught that appears, the piano may have been taken to the house by the procurement of the wife and the gift preceded such taking. We cannot, for the purpose of finding error, assume that such fact did not appear.    *Brooks* v. *Guyer,* 67 Vt. 669.

Subject to the defendant's exception, the plaintiff was allowed to testify that the piano was insured in her name. Upon the issues of possession and ownership, the manner in which the piano was treated by the husband and wife, and their acts respecting it, were relevant. *Stanley* v. *Robbins,* 36 Vt. 422; *Ross* v. *Draper,* 55 Vt. 404, 45 Am. Rep. 624. If there was evidence tending to show that the piano was thus insured with the knowledge and acquiescence of the husband, the evidence was admissible. We cannot assume that such evidence was not before the Court; therefore, error does not appear. *Tenney* v. *Smith,* 63 Vt. 520, 22 Atl. 659.

The plaintiff was allowed to testify, subject to the defendant's exception, that before going to Woodbury she kept a house girl, but thereafter had none. The defendant does not claim that he was in any way prejudiced by the evidence. His only claim is that it was immaterial. Immateriality alone, of testimony, is not a ground for reversing a judgment. To warrant a reversal, the evidence must be of a character likely to prejudice the excepting party in the decision of a material issue involved in the trial. *Boutelle* v. *Westchester Fire Ins. Co.,* 51 Vt. 4, 31 Am. Rep. 666. We think it clear that the trifling information communicated by the evidence respecting the plaintiff's domestic affairs, could not have prejudiced the defendant; and, for this reason, the exception is not sustained.

*Judgment affirmed.*