# FIRST NATIONAL BANK OF HAWAII *v.* J. S. GAINES, J. M. McCHESNEY AND ALICE McCHESNEY.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED MAY 3, 1905.          DECIDED MAY 10, 1905.

FREAR, C.J., HARTWELL, J., AND CIRCUIT JUDGE DE BOLT IN PLACE OF WILDER, J.

HUSBAND AND WIFE—*assignment of leasehold—contract—gift—married women's act of* 1888.

> An assignment of a leasehold may be made by husband to wife, being in the nature of a gift, and not a contract within the purview of the statute, section 2252, Rev. Laws precluding contracts between husband and wife. The Married Women's Act of 1888, Sec. 2251, Rev. Laws, has the effect of destroying the common law fiction of the unity of husband and wife. The failure to record the assignment does not invalidate it as against subsequent creditors.

OPINION OF THE COURT BY HARTWELL, J.

This was an action of ejectment to recover possession of certain leasehold premises of which the plaintiff became purchaser April 11, 1904, at an execution sale on a judgment against J. M. McChesney and R. W. McChesney, surviving co-partners doing business as M. W. McChesney & Sons. J. M. McChesney having a lease of the premises for seventeen years from August 1, 1895, at an annual rental of $175 with privilege of extension for thirteen years at $200 a year, assigned the lease to his wife Alice McChesney August 20, 1901, "subject to the payment of the rents and taxes as therein provided." The assignment was acknowledged by McChesney March 11, 1904, and

recorded April 11, 1904, the writ of execution having been issued March 11, 1904, on which the sale was made to the plaintiff. The defense was that the defendant Alice McChesney was entitled to the possession of the premises, but on the plaintiff's objection that the husband could not convey directly to the wife, and that the assignment was not recorded until after levy of the execution the court declined to admit the evidence of the assignment and directed a verdict for the plaintiff. The sole question presented to this court is whether the assignment was valid in law as against subsequent creditors.

The defendants' contention is that the Act of 1888, section 2251, Revised Laws, giving a married woman power to "receive, receipt for, hold and manage property real and personal as if she were sole," enabled the defendant Mrs. McChesney to take and receive her husband's assignment of the leasehold as a gift, and that the provision of section 2252, Revised Laws, that "a married woman may make contracts in the same manner as if she were sole except that she shall not be authorized hereby to contract with her husband" is inapplicable, the transaction in question not being a contract within the meaning of this provision.

The plaintiff's claim is thus expressed: "According to the strict rules of the old common law the wife is not permitted to take and enjoy either real or personal property independent of her husband." By section 2251 of the Revised Laws "a married woman is free from the restraints of the common law which regarded unity of husband and wife in so far as it enabled her to hold property separate and apart from her husband, but it did not free the husband and wife from the restraints of the common law of contracting and conveying to each other. It was still the intention of the legislature that the common law theory that the husband should not convey or deal with the wife should not be changed by statute." The assignment of the lease by McChesney to his wife was an executed contract.

The plaintiff's claim cannot be sustained. The statutory capacity of a married woman to take, hold and receive property

to her separate use is inconsistent with the common law fiction of the unity of husband and wife as well as with the former statute giving the husband by virtue of marriage his wife's personal property. The relations between husband and wife unless as affected by the statute of 1892 on the subject of the common law are statutory in the law of Hawaii. "As the laws have destroyed this unity the incidents or consequences of the unity ought not to operate." *Butler v. Ives,* 130 Mass. 202. The only reason suggested why the wife should not take and hold a gift from her husband is that a gift implies a contract of offer and acceptance; but the theory of contract is not applied to gifts causa mortis which were good at common law. *Whitney v. Wheeler,* 116 Ib. 490; nor to gifts not revoked during the husband's life time which are good as against his legal representatives although not as against his creditors. *Stimpson v. Achorn,* 158 Ib. 346. Gifts from husband to wife are sustained in equity if creditors' rights do not intervene. *Jones v. Clifton,* 101 U. S. 225; Schouler's Dom. Rel., Sec. 189. Such gifts are sustained in law in Connecticut, New York and Vermont by decisions which appear to be based upon married women's statutes no broader than our own. *Wheeler v. Wheeler,* 43 Ct. 507; *Armitage v. Mace,* 96 N. Y. 538; *Fletcher v. Wakefield,* 54 Atl. Rep. 1012 (Vt.)

We do not regard the assignment made by McChesney to his wife in this case as a contract within the purview of the statute. "A gift completed and executed has none of the elements nor the properties of a contract and does not come within the prohibition of the statute," being a statute providing that contracts made on Sunday are void. *Wheeler v. Glasgow,* 11 So. 758 (Ala.). The failure to record the assignment does not invalidate it as against subsequent creditors. *Jones v. Clifton,* ubi supra; *Clark v. Killian,* 103 U. S. 766.

The exceptions are sustained, the judgment reversed and the case remanded for further appropriate proceedings.

*Smith & Lewis* for plaintiff.

*J. W. Cathcart* for defendants.