## O. H. SORLIEN v. CARL ROLLA.[1]

July 17, 1914.

Nos. 18,798—(277).

**Gift — delivery.**

To constitute a gift *inter vivos*, there must be a delivery of the property or something equivalent thereto.

Action in the district court for Yellow Medicine county by the administrator of the estate of Gunhild Iverson, deceased, to recover $200 upon defendant's promissory note. The case was tried before Qvale, J., who denied plaintiff's motion for a directed verdict in his favor, and a jury which returned a verdict in favor of defendant. From the judgment entered pursuant to an order granting plaintiff's motion for judgment notwithstanding the verdict, defendant appealed. Affirmed.

*Davis & Michel* and *Paul D. Stratton,* for appellant.

*Bert O. Loe,* for respondent.

TAYLOR, C.

Defendant executed a promissory note to Gunhild Iverson, his mother-in-law. She left the note with the town clerk. About a year thereafter and while the note was still in the possession of the town clerk, she stated to defendant: "That note is yours. I give that note to you; you can go and get it." Nothing further occurred until after her death. Defendant made no attempt to get the note, and the town clerk was not notified of the gift. After her death the administrator of her estate brought this suit to recover the amount of the note. The only question presented is whether the above statement, without anything more, is sufficient to constitute a valid gift to defendant. Clearly it is not. To constitute a valid gift *inter vivos* there must be a delivery of the property or something

[1] Reported in 148 N. W. 301.

equivalent thereto. Where the property is in the possession of the donor, or of an agent of the donor, a mere verbal statement made to the donee, without placing him in the possession or control of the property, is not sufficient to vest title in him. Foxworthy v. Adams [136 Ky. 403, 124 S. W. 381, 27 L.R.A.(N.S.) 308] Ann. Cas. 1912A, 327, and cases cited in note; Beaver v. Beaver [117 N. Y. 421, 22 N. E. 940, 15 Am. St. 531] 6 L.R.A. 403, and cases cited in note.

Judgment affirmed.