## NATHALIE M. COULTER v. JOHN R. MEINING.[1]

June 20, 1919.

No. 21,223.

**Gift — delivery.**

1. When property is purchased by a husband as a gift to his wife, with knowledge on the part of the vendor before the bargain is consummated that the property is bought for the wife and that the title is to pass to her directly, there is a sufficient delivery to sustain the gift, although she does not get actual possession until later.

**Same.**

2. A delivery through a third person is sufficient if he holds the property for the wife.

**Same — avoidance by creditor of donor.**

3. A subsequent creditor of the husband cannot avoid the gift without proof that it was actually intended to defraud creditors and that its purpose and effect were to prejudice them. Neither can he avoid it merely because it may have been made to defraud the husband's existing creditors. In determining whether a valid gift has been made, the law takes cognizance of the facilities with which fraud may be accomplished under the pretence of gifts between husband and wife and of the fact that their every-day life is so blended that it is often difficult to know whether personal property kept where the family resides belongs to one or the other.

**Charge to jury.**

4. There were no errors in the instructions to the jury.

[1]Reported in 172 N. W. 910.

**Verdict sustained by evidence.**

5. Evidence considered and *held* to justify a jury in finding that the husband made a valid gift of an automobile to his wife.

Action in replevin in the district court for St. Louis county to recover possession of an automobile or $2,300, its value, and $100 for its detention. The facts are stated in the opinion. The case was tried before Fesler, J., and a jury which returned a verdict for $1,800. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Courtney & Courtney,* for appellant.

*H. T. Abbott* and *William P. Harrison,* for respondent.

LEES, C.

Action to recover possession of an automobile seized on April 22, 1918, by defendant, as sheriff, upon a writ of attachment against the property of plaintiff's husband, issued in an action brought against him by the Marshall-Wells Company. She had a verdict and this appeal is from an order denying a motion in the alternative for judgment or a new trial.

On May 31, 1917, plaintiff's husband, H. W. Coulter, signed an order for a Cadillac touring car. The stipulated price was $2,290, of which he then paid $200. At the same time notes for the balance, running to the Cadillac Company, were executed by Mr. and Mrs. Coulter and part of them were paid. In the spring of 1918 the company took a chattel mortgage on the car from Mrs. Coulter to secure the notes then remaining unpaid.

The sale of the car was first broached in 1916, when there were nego tiations between the Coulters and the Cadillac agent at Duluth, which did not result in a sale. Mr. Coulter declined to buy, unless satisfied that his wife could learn to drive a car. This was finally demonstrated. At her request the agent called at her house on the evening of May 31, when her husband was at home. She stated that he was going to buy a car for her. The agent was then told by Mr. Coulter that he wanted to buy the car for Nathalie, and that the agent should teach her how to run and oil it and do all possible work upon it. It was agreed that certain changes should be made in the car so that Mrs. Coulter could

operate it conveniently. Mr. Coulter was absent from home the greater portion of the year, his wife was in poor health and had three young children, and it was his desire that she and the children should be out of doors as much as possible.

After the car was delivered, Mrs. Coulter alone drove it. On June 23, 1917, a state license to operate it was issued to Coulter, and during that month he took out insurance upon it in his own name. On July 10 he gave his wife a bill of sale of the car. In October he paid the wheelage tax on it to the city of Duluth. He obtained the use of a private garage where the car was kept, and in April, 1918, applied for a permit to put up a frame garage near his residence.

In May, 1917, he became a member of a copartnership formed to operate a mine in St. Louis county. The mine was taken over on June 1 and operations were begun about August 1. Purchases of materials used in carrying on the operations were made from the Marshall-Wells Company. The action in which the attachment was levied was brought to recover an indebtedness to that company which arose subsequent to May 31, 1917. There was an offer to show that on or prior to June 1 the partnership had assumed an indebtedness of $1,861.33 against the mine, and that a number of judgments were recovered against it in February, 1918, on account of debts contracted in operating the mine after May 31, 1917. An objection to the offer was sustained. The jury were instructed that the ultimate question for their decision was, who owned the car on May 31, 1917, and that, if Mrs. Coulter then became the owner of it, they should find that she owned it when it was attached. They were also instructed that Coulter's indebtedness had nothing to do with the question of who was the owner of the car on May 31.

The questions argued are these: (1) Was there a consummated gift of the car on May 31, 1917? (2) If there was, is it open to attack by defendant, who represents a subsequent creditor of the donor? (3) Should evidence of the donor's indebtedness have been received? (4) Was defendant prejudiced by the instruction that the ownership of the car on April 22, 1918, should be determined as of May 31, 1917? (5) Does the evidence justify the verdict?

1. Defendant's contention is that the car was not delivered to plaintiff on May 31, and hence the jury could not find that the alleged gift was

made on that day. Sorlien v. Rolla, 126 Minn. 500, 148 N. W. 301, is relied on to sustain this proposition. It was held in that case that, "where the property is in the possession of the donor, or of an agent of the donor, a mere verbal statement made to the donee, without placing him in the possession or control of the property, is not sufficient to vest title in him." The situation in this case is not the same. On May 31 the car was not in Coulter's possession and it was not in the possession of the Cadillac Company as his agent. Wheeler v. Wheeler, 43 Conn. 503, comes nearest to this case in its facts. It was held there that if a transaction was an original purchase by the husband for the wife, with knowledge on the part of the vendor before the bargain was consummated that the property was bought for the wife and that the title was to pass directly to her as far as the intent of the parties could make it hers, a consummation of the gift might be found in the execution by the husband of a note for the purchase price, even though the property was not delivered until a later date and was then delivered to the husband.

Armitage v. Mace, 96 N. Y. 538, and Schooler v. Schooler, 18 Mo. App. 69, also touch upon the subject. In the latter case it was said that a husband may make a gift to his wife without ever having possession of the article given. In contemplation of law, both title and possession may pass to the wife at the time of the purchase, and in such a case no delivery by the husband, actual or symbolical, is necessary.

The law relating to delivery and change of possession is flexible, accommodating itself to the nature of the property and the situation and circumstances of each case. If the article, at the time of the transfer, is in the hands of one who has a lien upon it, notice to him of such transfer is sufficient to constitute a delivery as against subsequent attaching creditors. Freiberg v. Steenbock, 54 Minn. 509, 56 N. W. 175. In Thornton on Gifts and Adv. § 170, it is said that if a husband purchases a gift for his wife, and the vendor knows that the property is bought for her, there is a sufficient present delivery, although she does not get actual possession until later. Our attention has been called to no other authorities which are helpful.

Upon reason and principle property purchased as this was, and which was never in the possession of the husband, should be treated as held by the vendor for the wife as her agent or bailee. A delivery through a

.third person is sufficient, if such person holds the property for the donee. Varley v. Sims, 100 Minn. 331, 111 N. W. 269, 8 L.R.A.(N.S.) 828, 117 Am. St. 694, 10 Ann. Cas. 473; Nelson v. Olson, 108 Minn. 109, 121 N. W. 609; Thornton, Gifts and Adv. § 160.

2. The Marshall-Wells Company became one of Coulter's creditors after May 31. There was no evidence tending to show that the gift of the car was actually intended to defraud his creditors and that its purpose and effect were to prejudice them. A subsequent creditor cannot avoid a voluntary transfer made by the debtor without such proof. Sanders v. Chandler, 26 Minn. 273, 3 N. W. 351; Walsh v. Byrnes, 39 Minn. 527, 40 N. W. 831; Schmitt v. Dahl, 88 Minn. 506, 93 N. W. 665; Sovell v. County of Lincoln, 129 Minn. 356, 152 N. W. 727. Neither can he avoid it merely because it may have been made to defraud existing creditors. Fullington v. Northwestern I. & B. Assn. 48 Minn. 490, 51 N. W. 475, 31 Am. St. 663; Williams v. Kemper, 99 Minn. 301, 109 N. W. 242.

3. Evidence of Coulter's indebtedness on April 22, 1918, when the car was attached, which had arisen subsequent to May 31, 1917, was properly excluded. Plaintiff based her right to recover solely upon the transaction of May 31. If she then became the bona fide owner of the car, it was immaterial that her husband subsequently contracted debts that he could not pay.

4. We fail to see wherein defendant was prejudiced in the instructions under which the case was submitted to the jury. It was left to them to say whether plaintiff became the owner of the car on May 31, or whether her husband was in fact the owner. The conduct of the parties subsequent to the date of the alleged gift was received in evidence. The circumstances set out in the statement of facts going to show acts of ownership on Coulter's part are not conclusive proof that he did not make a gift of the car to his wife. No doubt the facility with which fraud may be accomplished under the pretence of gifts between husband and wife ought to be kept in mind in determining whether or not a gift has been made, but, after everything has been taken into consideration, the one and only question is, whether the alleged gift has been established by a fair preponderance of the evidence. Their every day life is so blended that it is often difficult to know whether personal property kept wher

the family resides belongs to one or to the other. The law takes cognizance of this fact. Thornton, Gifts and Adv. § 169. In Morgan v. Williams (Ky. Ct. App.), 200 S. W. 650, there were strikingly similar acts on the part of the alleged donor of a car, and a verdict in favor of the donee was upheld.

5. Upon the entire record, we are satisfied that the jury was justified in returning the verdict in plaintiff's favor. At the time of the purchase it appears that Coulter was able to make a gift of the car to his wife. He was a promoter of mining enterprises and had just become a member of a syndicate which doubtless promised the lucrative returns usually anticipated by the promoters of mining ventures. His financial outlook seemed bright to him. He had recently purchased a residence in Duluth for $25,000. It was mortgaged for $15,000. His other indebtedness consisted of current personal bills. He had a bank account of about $5,000. He had entertained the purpose of buying a car for his wife for about a year and probably believed that he was on the road to prosperity and could afford to make the contemplated gift.

Order affirmed.