CHARLES R. STEWART, Plaintiff, *v.* FLORENCE EDGECOMB and Others, Defendants.

Supreme Court, Trial and Special Term, Broome County, July 5, 1938.

*Charles R. Stewart*, plaintiff, *in propria persona*.

*Charles R. Cohen*, for the defendants.

McNaught, J. The plaintiff acted as attorney and rendered services to the defendants Edgecomb extending over a considerable period of time. The services were principally rendered in connection with vacating a deficiency judgment entered against the defendants in a foreclosure action. Upon investigation, the plaintiff discovered that certain real property standing in the name of the defendant Florence Edgecomb was not covered by the mortgage in question. After the vacation of the deficiency judgment and pending further proceedings thereon, at the suggestion and upon the advice of the plaintiff, the defendant Florence Edgecomb deeded the real property involved herein to the defendant Virginia L. Ladd, her daughter. Some dispute exists as to conversations relative to what advances had been made by the defendant Ladd to her parents, but we do not consider them of serious consequence in the determination of the issues. The defendants Edgecomb failed to compensate the plaintiff for his services, and subsequently an action was brought by the plaintiff in which he recovered judgment for $350 for services rendered in connection with the affairs of the Edgecombs.

The conveyance which the plaintiff now seeks to have set aside as made in fraud of him was dated the 27th day of May, 1937. The judgment in question was recovered January 18, 1938. An execution was issued which was returned unsatisfied. It is conceded the judgment remains wholly unpaid.

The action must be deemed one to set aside a fraudulent conveyance under article 10 of the Debtor and Creditor Law.

The services for which the plaintiff recovered judgment were rendered both prior to the execution of the deed and subsequent thereto. The defendants Edgecomb were without doubt rendered fully insolvent by the conveyance in question. There can be no dispute but what the plaintiff is fairly entitled to receive the reasonable value of the professional services he rendered to the defendants Edgecomb.

A serious question is involved, however, as to the right of the plaintiff to maintain this action. The determination of this question is decisive and renders unnecessary a consideration of other matters. The plaintiff suggested and advised the execution of the conveyance. He drew the deed, conferred with the parties in relation

to it, took the acknowledgment, affixed the internal revenue stamps, and personally recorded it in the Broome county clerk's office. He had full and complete knowledge of the transfer and participated in it. In the seventh paragraph of the complaint the plaintiff alleges that the conveyance was executed and accepted by the defendant Ladd " with the intent to take such property for her mother and prevent the collection out of the same of any debts owing by her mother to plaintiff and others and with knowledge of the indebtedness of her parents to this plaintiff."

Can the plaintiff under such circumstances, claiming that a transaction was fraudulent, with proof that the act was suggested, advised and consummated by him, now be heard to claim it was fraudulent as to him and should be set aside? We believe not. Under such circumstances the plaintiff is clearly and unquestionably estopped from maintaining successfully such a position.

Few authorities can be found directly in point. The instances seem to have been very rare where parties so situated sought to set aside a transaction. A transfer will not be held fraudulent against persons who became creditors after they had notice of it, or who were privy and consented to it. (*Scholey* v. *Worcester*, 4 Hun, 302.)

Where a husband made a voluntary conveyance to his wife without fraudulent intent, at a time when he was indebted to no one, a subsequent indebtedness cannot be invoked to make such conveyance fraudulent. The grantor of premises to a married woman, on receiving consideration therefor from her husband, cannot complain that the conveyance was in fraud of himself as a creditor of the husband, for he not only consented to but performed the act himself. (*Phillips* v. *Wooster*, 36 N. Y. 412.)

" But, again, the position which the plaintiff occupied in relation to the transaction complained of as fraudulent, excludes him from alleging the fraud, or claiming any benefit against it. The conveyance against which he now seeks to derive advantage from the property, was made by himself, with a full knowledge of all the facts as they existed at the time, as we are bound to presume, since he has shown nothing to the contrary." (*Phillips* v. *Wooster*, *supra*, 414.)

It is difficult to predicate fraud upon acts which are done with the assent and the full knowledge of the person who subsequently assails them. (*Phillips* v. *Wooster*, *supra; New Britain Nat. Bank* v. *Cleveland Co.*, 91 Hun, 447, 455.)

" While there is some authority to the contrary, it is very generally held that where it is shown that a complainant in a bill to set aside a fraudulent conveyance participated in or instigated such

conveyance, the court will, as a general rule, leave him in the position which he was instrumental in creating, and will hold that he is estopped by his conduct from attacking the conveyance." (27 C. J. pp. 481, 482, § 131.)

We hold the plaintiff has failed to establish facts sufficient to constitute a cause of action, and that he is estopped by his participation in the alleged fraudulent conveyance from asserting the same is void or fraudulent as to creditors.

The complaint is dismissed upon the merits, with costs to be taxed by the clerk of the county of Broome.

Findings and judgment directed accordingly.